# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALO ALTO NETWORKS, INC., | Civil Action No. 1:22-cv-02306-ER |
| Plaintiff, | |
| v. | |
| TAASERA LICENSING LLC, and QUEST PATENT RESEARCH CORPORATION, | |
| Defendants. | |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TAASERA'S MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    BACKGROUND FACTS ...................................................................... 3

     A.      Taasera mounts a patent-litigation campaign, and PAN responds with this lawsuit. ............................................................................................... 3

     B.      Taasera has extensive contacts in this district. ....................................... 4

     C.      Taasera and Quest are undercapitalized and managed by the same person. ........... 5

III.   LEGAL STANDARD ............................................................................ 5

     A.      Personal Jurisdiction ............................................................................ 5

         1.      Specific Jurisdiction ................................................................... 6

         2.      General Jurisdiction ................................................................... 6

         3.      Fair Play and Substantial Justice ................................................. 7

     B.      Failure to State a Claim ........................................................................ 7

IV.   ARGUMENT ....................................................................................... 7

     A.      The Court has personal jurisdiction over Taasera. .................................... 7

         1.      The Court has specific jurisdiction over Taasera because this case arises from Taasera's patent-enforcement activities in this district. ........... 8

             a.      Taasera's contacts with New York satisfy the New York Long-Arm Statute. .......................................................... 8

                 i.      Taasera's contacts with New York satisfy the New York Long-Arm Statute because those that direct it and act on its behalf are in New York. ............................... 9

                 ii.      Taasera's contacts with New York satisfy the New York Long-Arm Statute because Taasera has contracts with New York entities related to the enforcement of the patents-in-suit. ..................................... 11

                 iii.      Taasera has also engaged in conduct in New York through its agents that satisfy the New York Long-Arm Statute. ................................................................... 13

             b.      Taasera's contacts with New York satisfy the federal Constitution's requirements for specific jurisdiction. .................. 14

2.     The Court has general jurisdiction over Taasera because Taasera is more at home in this district than anywhere else. .................................... 16

3.     The Court has personal jurisdiction over Taasera because Taasera is an alter ego of Quest ............................................................................ 17

B.     The First Amended Complaint Sufficiently Pleads Non-Infringement ............... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A. I. Trade Fin. v. Petra Bank*,
    989 F.2d 76 (2d Cir. 1993)...................................................................................5, 10

*Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*,
    480 U. S. 102 (1987)...............................................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................7

*Austin Env't Corp. v. Margarita Express, LLC*,
    No. 21 Civ. 4385, 2022 WL 1443356 (S.D.N.Y. May 6, 2022).............................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................7

*Blockchange Ventures I GP, LLC v. Blockchange, Inc.*
    No. 21 Civ. 891, 2021 WL 3115457 (S.D.N.Y. July 22, 2021) .........................5, 10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)........................................................................................6, 7, 15

*Capitol Recs., Inc. v. Optical Recording Corp.*,
    810 F. Supp. 1350 (S.D.N.Y. 1992).........................................................................6

*Carson Optical Inc. v. eBay Inc.*,
    202 F. Supp.3d 247 (E.D.N.Y. 2016) ......................................................................7

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
    319 F.R.D. 269 (N.D. Cal. 2017)...........................................................................22

*D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
    29 N.Y.3d 292 (N.Y. Ct. App. 2017)......................................................................15

*Daedalus Blue, LLC v. Microsoft Corporation*,
    No. 6:20-cv-1152 (W.D. Tex. Dec. 16, 2020) ........................................................11

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..............................................................................6, 13, 14, 16

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013).......................................................................................5

*E&E Co. v. London Luxury LLC*,
    No. 1:20-cv-09610, 2021 WL 5357474 (S.D.N.Y. Nov. 17, 2021) ..................................21, 22

*Essar Steel Algoma Inc v. Nev. Holdings, Inc.*,
    No. 17 Misc. 360, 2020 WL 2539031 (S.D.N.Y. May 18, 2020)............................................7

*Evolve Techs., LLC v. Coil Winding Specialist, Inc.*,
    No. 3:18-CV-00671BEN-BGS, 2019 WL 1383272 (S.D. Cal. Mar. 27, 2019) .....................20

*Fica Frio, Ltd. v. Seinfeld*,
    434 F. Supp. 3d 80, 86 (S.D.N.Y. 2020).............................................................................5, 8

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
    141 S. Ct. 1017 (2021)..............................................................................................5, 8, 14

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001), *as amended* (Apr. 20, 2001)..............................................19, 20

*Grp. One Ltd. v. GTE GmbH*,
    523 F. Supp.3d 323 (E.D.N.Y. 2021) ......................................................................................5

*Hecklerco, LLC v. YuuZoo Corp.*,
    252 F. Supp.3d 369 (S.D.N.Y. 2017).................................................................................6, 8

*HomeoPet LLC v. Speed Lab, Inc.*,
    No. 14 Civ. 663, 2014 WL 2600136 (E.D.N.Y. June 11, 2014)......................................11, 12

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...............................................................................................................13

*Ironworks Pats. LLC v. Samsung Elecs. Co.*,
    No. 17-CV-01958-HSG, 2018 WL 1400440 (N.D. Cal. Mar. 20, 2018) ...............................20

*Kahn v. General Motors Corp.*,
    135 F.3d 1472 (Fed. Cir. 1998)..............................................................................................19

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)..............................................................................................5, 10

*Licci v. Lebanese Canadian Bank, SAL*,
    20 N.Y.3d 327, 340 (2012) ....................................................................................................10

*Lopez v. Fluidra USA LLC*,
    No. 21cv0044 DMS (MDD), 2021 WL 2939812 (S.D. Cal. July 13, 2021) ..........................20

*Marine Midland Bank, N.A. v. Miller*,
    664 F.2d 899 (2d Cir. 1981)...................................................................................................17

*Miramax Film Corp. v. Abraham*,
    01-CV-5202 (GBD), 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003)....................................17

*New World Int'l, Inc. v. Ford Glob. Techs.*,
    LLC, 859 F.3d 1032 (Fed. Cir. 2017) .........................................................................5

*Norwich Eaton Pharms., Inc. v. Langlume*,
    No. 88 Civ. 973, 1989 WL 92046 (N.D.N.Y. Aug. 14, 1989)...............................15

*Pearson Educ., Inc. v. Shi*,
    525 F. Supp.2d 551 (S.D.N.Y. 2007)..........................................................................5

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
    No. CV 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017) ..................22

*Pilot Inc. v. NOCO Co. Inc.*,
    No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. Feb. 12, 2021) .........................21

*Platina Bulk Carriers Pte. Ltd. v. Praxis Energy Agents DMCC*,
    20. Civ. 4892 (NRB), 2021 WL 4137528 (S.D.N.Y. Sep. 10, 2021) ...............17, 18

*Santos v. Medina*,
    No. 18 Civ. 02685, 2019 WL 1099806 (S.D.N.Y. Mar. 8, 2019) ....................11, 12

*Schutte Bagclosures Inc. v. Kwik Lok Corp.*,
    48 F. Supp.3d 675 (S.D.N.Y. 2014).............................................................................6

*Suez Water N.Y., Inc. v. E.I. du Pont de Nemours & Co.*,
    No. 20 Civ. 10731, 2022 WL 36489 (S.D.N.Y. Jan. 4, 2022)................................15

*Taasera Licensing LLC v. Palo Alto Networks, Inc.*,
    No. 2:22-cv-00062-Case 1:22-cv-02306-JRG-RSP, Dkt. 1 (E.D. Tex. Feb. 25, 2022) .............................................................................................................................3

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
    No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016)........................22

*Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*,
    571 F.3d 221 (2d Cir. 2009)......................................................................................17

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
    No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017)....................21, 22

**Statutes**

N.Y. C.P.L.R. § 301...................................................................................................6, 16

N.Y. C.P.L.R. § 302(a)(1)........................................................................................8, 13, 15

## I.      INTRODUCTION

Taasera Licensing, LLC ("Taasera") has substantial contacts with the Southern District of New York directly related to Taasera's patent-enforcement campaign that forced Palo Alto Networks, Inc. ("PAN") to file this lawsuit. Those contacts also make Taasera more at home in New York than anywhere else. Because of these contacts, the Court can exercise personal jurisdiction over Taasera. And because of the factual allegations in PAN's first amended complaint, PAN has stated a claim for which relief can be granted. As such, the Court should deny Taasera's motion in full.

The Court has personal jurisdiction over Taasera. The Court has specific jurisdiction over Taasera at least because the person and entity that direct Taasera and carry out its actions are in New York, Taasera has ongoing contractual relationships with entities in New York, executed contracts with New York entities and returned to New York thereafter, and engaged in actions in New York through its agents. All the foregoing contacts pertain to the patent litigation campaign that necessitated this lawsuit. The Court also has general jurisdiction over Taasera because, even though Taasera's principals have tried to manufacture practically meaningless on-paper contacts with Texas, by using an address that is really just the address of a Texas law firm where no Taasera employees work, the entity and person that direct Taasera and carry out its actions reside and work in New York.  And aside from Taasera's own contacts with New York, Taasera's parent company, Quest Patent Research Corporation ("Quest") has numerous contacts with New York that should be imputed to Taasera—because Taasera is Quests' alter ego—to establish personal jurisdiction over Taasera.[1]

---

[1] Quest is not challenging personal jurisdiction. *See generally* Dkt. 51.

Taasera tries to contradict the overwhelming evidence tying it to this District, but in the process, it neglects applicable legal principles. For example, Taasera presents some contrary evidence regarding who manages it but neglects the established legal principal that, in the context of Rule 12(b)(2) motions like this one, the Court must resolve all doubts in the plaintiff's favor. Taasera also argues that this case does not arise from any of its contacts with New York because Taasera's only relevant action was the filing of a patent-infringement case against PAN in the Eastern District of Texas. But that argument ignores that a plaintiff's claim is not only tied to the filing of a complaint, but the underlying business transactions; here, those transactions are all linked to the Southern District of New York. And, Taasera's contacts with New York are directly related to the patent-enforcement campaign that forced PAN to file this lawsuit. That is all that is required. Finally, Taasera attacks PAN's alter ego argument by applying the wrong legal standard. Whereas Taasera applies New York's alter ego standard from the liability context, in the jurisdictional context, New York courts apply a less stringent standard that asks only whether a company dominates its putative alter ego. In short, each of Taasera's arguments against exercising personal jurisdiction stands on weak legal footing, and none is persuasive.

Taasera also contends that PAN's complaint insufficiently alleges noninfringement. That argument explicitly ignores PAN's complaint, which specifically identifies limitations that cannot be found in PAN's products along with supporting factual allegations. The case law holds that allegations with the level of specificity provided by PAN are legally sufficient.

Accordingly, PAN requests this Court: (i) deny Defendant Taasera Licensing LLC's ("Taasera") motion to dismiss Plaintiff's first amended declaratory judgment complaint (the "FAC") for lack of personal jurisdiction, or alternatively grant leave to conduct jurisdictional discovery and (ii) deny Defendant Taasera's motion to dismiss the FAC for failure to state a claim.

The Court should at least grant PAN leave to amend its pleadings to cure any defects the Court may find.

## II.      BACKGROUND FACTS

### A.      Taasera mounts a patent-litigation campaign, and PAN responds with this lawsuit.

On February 25, 2022, Taasera filed a lawsuit against PAN in the United States District Court for Eastern District of Texas asserting nine patents (collectively, "the patents-in-suit"). Dkt. 55-1 (*Taasera Licensing LLC v. Palo Alto Networks, Inc.*, No. 2:22-cv-00062-JRG-RSP, Dkt. 1 (E.D. Tex. Feb. 25, 2022)). On March 18, 2022, the day service was effectuated, Taasera voluntarily dismissed the case without prejudice.[2] *Id.*, Dkt. 10 (summons returned executed) and Dkt. 11 (voluntary dismissal). Taasera's counsel told this Court that "counsel decided that that was not an appropriate action to bring in the Eastern District of Texas." June 16, 2022 Hrg. Tr. at 5:1–3. On March 22, 2022 and May 12, 2022, PAN filed a declaratory judgment complaint and first amended complaint ("FAC"), respectively, against Taasera and Quest Patent Research Corporation ("Quest") in the Southern District of New York alleging noninfringement of the patents-in-suit. *See, e.g.*, Dkt. 21, ¶¶ 1, 20.

---

[2] By serving the complaint, and immediately dismissing the complaint without prejudice, Defendants appear to be attempting to manipulate the patent system. The patent laws allow an accused infringer one year from the service of a compliant to pursue *inter partes* review proceedings before the U.S. Patent Office. PAN suspects that Defendants dismissed the prior action to start the one-year time bar and refile later when PAN has less time to develop and file an *inter partes* review challenge. Quest and its counsel Fabricant LLP have used this technique before. *See, e.g.*, *Mariner IC Inc. v. Huawei Device USA, Inc. et al.*, C.A. 2-18-cv-00167 (E.D. Tex.), Dkt. 1 (complaint filed by Quest entity Mariner IC on Apr. 4, 2018 with Alfred Fabricant as lead attorney), Dkt. 18-19 (voluntary dismissal on Aug. 22, 2018), and *Mariner IC Inc. v. Huawei Device USA, Inc. et al.*, C.A. 2-18-cv-00407 (E.D. Tex.), Dkt. 1 (refiling complaint on Sep. 25, 2018 by Fabricant).

**B.      Taasera has extensive contacts in this district.**

First, the person and entity that manage Taasera are based in New York. Taasera admits that Jon Scahill manages Taasera from Rye, New York. Dkt. 58, ¶ 3 ("Jon C. Scahill also manages Taasera by teleworking from New York."). Taasera's Certificate of Formation states that Quest manages Taasera from this District at its address at 411 Theodore Fremd Avenue, Rye, New York. Dkt. 21-11 at 3; Dkt. 26 at 7. Also, Mr. Scahill is the CEO of Quest and an attorney registered with the New York Bar under the same Rye, New York address used by Taasera's outside counsel, the Fabricant law firm. Ex. A (Scahill New York Attorney Registration); Ex. B (Fabricant Firm Contact Information). And the patent assignment documents on file with the United States Patent Office for five of the patents-in-suit list Quest and Jon Scahill, at the Rye, New York address, as contacts for correspondence related to those patents. Dkt. 21-13, at 3. Quest has also marketed Taasera's patent enforcement activities in and from New York. Quest's website prominently features the New York skyline and lists its Rye, New York address. Dkt. 21-14, at 1. On that website, Quest advertises Taasera's patent-litigation activities including its litigation against PAN. *Id.* at 3.  Finally, an individual in New York registered Taasera's website. Ex. C, MDL No. 3042, Dkt. 28-9.

Second, Taasera has made, and continues to operate under, contracts with New York entities. For example, New York-based Quest made a $250,000 "capital advance" to Taasera so that Taasera could purchase four of the patents-in-suit. Dkt. 21-12 at 19. Taasera also contracted in this District with Daedalus Blue, which is headquartered in Bronxville, to acquire the other five patents-in-suit. Dkt. 21-12 at 9. Taasera's contract with Daedalus Blue is ongoing, and directly tied to this litigation, as Taasera remains obligated to pay Daedalus Blue part of any proceeds recovered from enforcing the patents. Dkt. 21-12 at 9.

### C.      Taasera and Quest are undercapitalized and managed by the same person.

First, according to Quest's 10-K, Taasera's patents are its only asset such that a judgment against it may result in Taasera's bankruptcy. Dkt. 21-12 at 20. Likewise, Quest states about itself that it has no assets out of which to pay a judgment against its subsidiaries, including Taasera. *Id.* Second, Jon Scahill is Quest's chief executive officer. Dkt. 21-11 at 3. Jon Scahill is also Quest's only employee. Dkt. 21-12 at 6. And according to Taasera, Jon Scahill also manages Taasera. Dkt. 58, ¶ 3.

## III.   LEGAL STANDARD

### A.      Personal Jurisdiction

At the pleading stage, "a plaintiff need only plead 'an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant'"—that is, the plaintiff need only allege facts to set forth a *prima facie* showing of personal jurisdiction. *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 332 (E.D.N.Y. 2021) (citation omitted); *Fica Frio, Ltd. v. Seinfeld*, 434 F. Supp. 3d 80, 86 (S.D.N.Y. 2020) (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)). On a motion to dismiss for lack of personal jurisdiction, "the Court must construe all allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *Fica Frio, Ltd.*, 434 F. Supp. 3d at 86 (internal quotation marks omitted) (citing *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 555 (S.D.N.Y. 2007); *A.I. Trade Fin. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993)); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) ("[W]e construe the pleadings and any supporting materials in the light most favorable to the plaintiffs.") (citation omitted).

Evaluating personal jurisdiction requires a two-part analysis. "A court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute permits service of

process and the assertion of personal jurisdiction comports with due process." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017); *see also Blockchange Ventures I GP, LLC v. Blockchange, Inc.*, No. 21 Civ. 891, 2021 WL 3115437, at *4 (S.D.N.Y. July 22, 2021). There are two types of personal jurisdiction that a court may exercise: general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

### 1.  Specific Jurisdiction

For specific jurisdiction to exist, the Constitution requires that a defendant takes "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State," and the case must arise from that act. *Id.* at 1024. There are two similar requirements for establishing specific personal jurisdiction under New York's long-arm statute: "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Hecklerco, LLC v. YuuZoo Corp.*, 252 F. Supp. 3d 369, 376 (S.D.N.Y. 2017) (citation and internal quotation marks omitted); *see* N.Y. C.P.L.R. § 302(a)(1). "[A] single transaction of business is sufficient to give rise to personal jurisdiction under CPLR § 302(a)(1), if the claim arises out of the transaction." *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 684 (S.D.N.Y. 2014) (citation omitted).

### 2.  General Jurisdiction

The general-jurisdiction test is whether an entity's "affiliations with the [forum] State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (citation and internal quotation marks omitted). Under the New York long-arm statute, "a non-domiciliary is subject to personal jurisdiction in New York over any cause of action if it is engaged in a 'continuous and systematic course of "doing business" [in New York] as to warrant a finding of its "presence"' in the jurisdiction."

6

*Capitol Recs., Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1352 (S.D.N.Y. 1992) (citations omitted) (alteration in original); *see* N.Y. C.P.L.R. § 301.

### 3.     Fair Play and Substantial Justice

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (citation and internal quotation marks omitted).

### B.     Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Essar Steel Algoma Inc. v. Nevada Holdings, Inc.*, No. 17 Misc. 360, 2020 WL 2539031, at *1 (S.D.N.Y. May 18, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  More specifically, "[a] complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 252 (E.D.N.Y. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "'[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## IV.    ARGUMENT

### A.     The Court has personal jurisdiction over Taasera.

Resolving all doubts in PAN's favor requires the conclusion that the Court has personal jurisdiction over Taasera. According at least to Taasera's founding documents and its own

admissions, New York-based persons and entities have directed and carried out the Taasera patent-enforcement campaign that PAN filed this action to combat. In furtherance of that patent-enforcement campaign, Taasera has ongoing contractual relationships with New York entities, and Taasera's agents have acted on Taasera's behalf in New York, including by advertising Taasera's litigation against PAN. Because the foregoing contacts establish that the Court has (i) specific jurisdiction over Taasera, (ii) general jurisdiction over Taasera, and (iii) because the Court should impute Quest's contacts with New York under an alter ego theory, the Court should deny Taasera's motion.

### 1.   The Court has specific jurisdiction over Taasera because this case arises from Taasera's patent-enforcement activities in this district.

Specific jurisdiction exists when a defendant has contacts with a forum, and the plaintiffs' claim arises from those contacts. *Ford*, 141 S. Ct. at 1024-25. The inquiry has state and federal-law components. *See Fica Frio, Ltd.*, 434 F. Supp. 3d at 86 ("[T]he plaintiff must show both that state law extends the court's jurisdictional reach to the defendant and that exercising jurisdiction comports with due process."). Here, exercising specific jurisdiction is proper under both New York and federal law.

### a.   Taasera's contacts with New York satisfy the New York Long-Arm Statute.

Specific jurisdiction exists under the New York long-arm statute if the defendant "transacts any business within the state," and the "cause of action aris[es] from" that business. N.Y. C.P.L.R. § 302(a)(1); *Hecklerco, LLC*, 252 F. Supp. 3d at 376 ("(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.") (citation and internal quotation marks omitted). The Court should exercise specific jurisdiction over Taasera because Taasera has transacted business in New York by acquiring, managing, and enforcing its patents from New York, and because this case arises from those patent activities.

8

> **i.** **Taasera's contacts with New York satisfy the New York Long-Arm Statute because those that direct it and act on its behalf are in New York.**

The person and entity that direct and carry out the patent enforcement campaign from which this action arises, reside in New York. Taasera is transacting business in New York because:

- regardless of whom Taasera claims manages it, Taasera's Texas Certificate of Formation states that Taasera is a manager-managed limited liability company, and identifies a single manager – Quest – at 411 Theodore Fremd Avenue, Rye, New York, Dkt. 21-11 at 2;

- regardless of whom else may manage Taasera, Taasera admits that Jon Scahill manages Taasera from Rye, New York, Dkt. 58, ¶ 3 ("Jon C. Scahill also manages Taasera by teleworking from New York.");

- Jon Scahill is the Chief Executive Officer of Quest, Dkt. 21-11 at 3;

- Jon Scahill is an attorney registered with the New York bar and lists his address as 411 Theodore Fremd Avenue, Rye, New York, Ex. A, J. Scahill's N.Y. Bar Registration;

- consistent with the foregoing, the patent-assignment documents on file with the United States Patent Office for five of the patents-in-suit list Quest and Jon Scahill as contacts for correspondence related to those patents, and list Quest and Jon Scahill's address as 411 Theodore Fremd Avenue, Rye, New York, Dkt. 21-13 at 3;

- Quest promotes Taasera's patent portfolio and patent enforcement activities, including its enforcement action against PAN, on its New York-based website,

9

prominently featuring its presence New York and listing its Rye, New York address, Dkt. 21-14 at 1-8; and

- an individual in New York registered Taasera's website, Ex. C at 2 (MDL Dkt. 28-9).

Taasera attempts to dispute the above connections with New York by claiming that Tim (as opposed to Jon) Scahill manages Taasera from his home in Germany. This argument fails for at least two reasons. First, Taasera's evidence regarding Tim Scahill at best conflicts PAN's evidence about Jon Scahill and Quest, and the Court must resolve that conflict in PAN's favor. *See A.I. Trade Fin.*, 989 F.2d at 79–80 (holding that, on motion to dismiss on personal jurisdiction grounds, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party"); *Licci ex rel. Licci*, 732 F.3d at 167 ("[W]e construe the pleadings and any supporting materials in the light most favorable to the plaintiffs.") (citation omitted). Second, Taasera has sufficient contacts with New York through Jon Scahill and Quest even if Tim Scahill also manages Taasera from Germany.

Second, PAN's cause of action arises from the above New York-based business. The above New York-based business furthers Taasera's enforcement of the patents-in-suit. Indeed, because Taasera is a manager-managed limited liability company the only manager of which is a New York-based company run by an individual who resides in New York, Taasera could not enforce the patents-in-suit absent approval from someone in New York. And PAN filed this case to fight those New York-directed enforcement activities.

Taasera's argument that this case does not arise from its New York contacts fails. According to Taasera, this case arises only out of Taasera's now-dismissed Eastern District of

Texas patent-infringement case against PAN. Precedent forecloses Taasera's improperly narrow view. Under Section 302(a)(1), a "[p]laintiff's claims need only be 'in some way arguably connected to' Defendant's business transactions in New York" to satisfy the "arises from" requirement. *Blockchange Ventures*, 2021 WL 3115437, at *5 (quoting *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 340 (2012)). Undoubtedly, PAN's claim is "in some way arguably connected to" Taasera's New York contacts because those contacts form part of the patent-enforcement campaign PAN is fighting in this lawsuit and relate directly to the patents-in-suit. Thus, the location of those that direct and carry out the enforcement of Taasera's patents establishes specific jurisdiction under the New York long-arm statute.

> **ii.    Taasera's contacts with New York satisfy the New York Long-Arm Statute because Taasera has contracts with New York entities related to the enforcement of the patents-in-suit.**

To begin with, Taasera transacts business in New York through contracts with New York-based entities. To determine whether a party "transacts business" in New York, courts consider, for example, "whether the defendant has an ongoing contractual relationship with a New York corporation; [and] (2) whether the defendant negotiated or executed a contract in New York and whether the defendant visited New York after executing the contract with the parties." *Santos v. Medina*, No. 18 Civ. 02685, 2019 WL 1099806, at *4 (S.D.N.Y. Mar. 8, 2019) (citation and internal quotation marks omitted); *see also HomeoPet LLC v. Speed Lab'y, Inc.*, No. 14 Civ. 663, 2014 WL 2600136, at *8 (E.D.N.Y. June 11, 2014) (finding ongoing relationship with New York based on foreign defendant's ongoing contractual relationship with plaintiff, a company headquartered in New York).

Taasera transacts business in New York first through continuing contracts with New York-based businesses. For instance, Taasera purchased five of the patents-in-suit from Daedalus Blue,

the headquarters of which are in Bronxville, New York, and has an ongoing contractual relationship with Daedalus Blue under which Taasera owes Daedalus Blue a portion of any proceeds Taasera earns from enforcing the five patents. Dkt. 21, ¶ 7; Dkt. 21-12 at 9; *Daedalus Blue, LLC v. Microsoft Corp.*, No. 6:20-cv-1152 (W.D. Tex. Dec. 16, 2020), Dkt. 1, ¶ 4.[3] New York-based Quest also wholly owns Taasera and serves as Taasera's sole manager. *See* Dkt. 21-12 at 19 (stating that Taasera is a wholly owned subsidiary of Quest); Dkt. 21-11 at 2 (stating that Taasera is a manager-managed limited liability company with Quest as its only manager). The ownership and manager relationships between Quest and Taasera indicate additional ongoing contractual relationships between Taasera and a New York-based corporation. Thus, Taasera has "ongoing contractual relationship[s] with [] New York [businesses]," Daedalus Blue and Quest, that constitute the transaction of business under the New York long-arm statute. *See Santos*, 2019 WL 1099806, at *4; *HomeoPet LLC*, 2014 WL 2600136, at *8.

Furthermore, Taasera negotiated or executed contracts in New York and visited New York after executing the contracts. Both the contracts mentioned above—with Daedalus Blue and Quest—were negotiated in New York because Quest and Daedalus reside in New York. Further, Taasera's only formal manager—Quest—and Taasera's admitted manager—Jon Scahill—also reside in New York. Additionally, Quest (a New York resident) provided Taasera with $250,000 to acquire four of the patents-in-suit. Dkt. 21-12 at 19. Taasera also returned to New York after executing the agreements because Quest and Jon Scahill are still in New York. Dkt. 21-11 at 2; Dkt. 58, ¶ 3. Thus, because Taasera negotiated contracts in New York with New York-based

---

[3] The portion of the Daedalus Blue contract attached to Taasera's patent assignment also indicates that Daedalus Blue's agent in that transaction was Ed Gomez, Daedalus Blue's Managing Principal, who is based in Bronxville. *See* Dkt. 21-13 at 6; Ex. D (Gomez LinkedIn Profile).

entities and returned to New York after executing those contracts, Taasera has transacted business in New York under the New York long-arm statute.

Next, this case arises from the aforementioned New York business. Taasera's campaign to enforce the patents-in-suit comprises at least the above business. Taasera's purchasing the patents-in-suit from Daedalus Blue, Taasera's contractual obligations to and direction by Quest and Jon Scahill, and Quest's funding of Taasera's purchase of some of the patents-in-suit are all essential parts of the patent enforcement campaign PAN filed this lawsuit to fight.

### iii. Taasera has also engaged in conduct in New York through its agents that satisfy the New York Long-Arm Statute.

The New York long-arm statute confers specific jurisdiction also when a non-domiciliary's "*agent* . . . transacts any business within the state." N.Y. C.P.L.R. § 302(a)(1) (emphasis added); *see also Daimler AG*, 571 U.S. at 135 n.13. ("A corporation can purposefully avail itself of a forum by directing its agents . . . to take action there."); *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) (holding that a defendant's act of "marketing [a] product through a distributor who has agreed to serve as the sales agent in the forum State" may amount to purposeful availment); *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945) (holding that "the commission of some single or occasional acts of the corporate agent in a state" may "be deemed sufficient to render the corporation liable to suit" on related claims).

Here, Taasera's agents have transacted business in New York. Quest and Jon Scahill are Taasera's agents because Quest is Taasera's manager, and Taasera admits that Jon Scahill manages it.  Dkt. 21-11 at 2; Dkt. 58, ¶ 3. In addition to Quest's and Jon Scahill's New York-based activities discussed above, Quest has marketed Taasera's patent-acquisition and patent-enforcement

13

activities on Quest's website, which emphasizes Quest's New York presence by including the New

York skyline and Quest's Rye, New York address:



Dkt. 21-14 at 1. Quest's website even advertises Taasera's now-dismissed Eastern District of

Texas lawsuit against PAN. *Id.* at 7. Moreover, this case arises from the foregoing New York

business activities because the activities include the advertising of Taasera's patent portfolio and

its enforcement campaign against PAN, and PAN filed this case to combat that campaign.

        **b.**    **Taasera's contacts with New York satisfy the federal
Constitution's requirements for specific jurisdiction.**

Similar to the New York long-arm statute, the United States Constitution requires that a

defendant "purposefully avails itself of the privilege of conducting activities within the forum

State" and that the case "arise out of or relate to the defendant's contacts with the forum." *Ford*,

141 S. Ct. at 1024–25 (citations and internal quotation marks omitted). The Constitution also

requires that exercising personal jurisdiction be reasonable in the circumstances. *Daimler AG*, 571

U.S. at 144.

First, the contacts discussed above indicate that Taasera has purposefully availed "itself of

the privilege of conducting activities" in New York and that this case arises from that purposeful

availment. *Ford*, 141 S. Ct. at 1024–25. Section 302(a)(1) of the New York long-arm statute does

"not extend personal jurisdiction to the limits of due process." *Norwich Eaton Pharms., Inc. v.*

*Langlume*, No. 88 Civ. 974, 1989 WL 92046, at *4 (N.D.N.Y. Aug. 14, 1989) (citation and internal quotation marks omitted). Thus, because Section 302(a)(1) confers specific jurisdiction in a narrower set of circumstances than the Federal Constitution, and Section 302(a)(1) confers specific jurisdiction in this case, the Constitution does too.[4]

Second, exercising personal jurisdiction over Taasera is reasonable. To determine whether exercising personal jurisdiction is reasonable, courts may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (internal quotation marks omitted). Here, New York has a strong interest in adjudicating this dispute first because, even though Quest incorporated Taasera in Texas, both Quest and Jon Scahill direct Taasera and carry out its activities in New York. Dkt. 21-11 at 2; Dkt. 58, ¶ 3. Second, exercising personal jurisdiction would further PAN's interest in "obtaining convenient and effective relief" because PAN decided to bring this case here and has an office in New York. Dkt. 21, ¶ 2. Third, exercising jurisdiction would further "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" and the "shared interest of the several States in furthering fundamental substantive social policies" by undercutting the common non-practicing-entity, forum-shopping strategy of creating shell entities that have formal but practically insignificant ties with the Eastern District of Texas. Indeed, as explained above, Taasera's principals direct it from New York and

---

[4] Even if it were possible "that personal jurisdiction permitted under the long-arm statute may theoretically be prohibited under due process analysis, [the New York Court of Appeals] would expect such cases to be rare." *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, No. 20 Civ. 10731, 2022 WL 36489, at *10 (S.D.N.Y. Jan. 4, 2022) (quoting *D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1177 (N.Y. 2017)).

elsewhere. Taasera's only connection with Texas is its decision to have a Texas address, which is just the address of a law firm at which no Taasera employees work.[5] Thus, exercising specific jurisdiction over Taasera is reasonable in the circumstances.

### 2.      The Court has general jurisdiction over Taasera because Taasera is more at home in this district than anywhere else.

Recent cases indicate that, notwithstanding the New York long-arm statute's general-jurisdiction provision, *see* N.Y. C.P.L.R. § 301, a plaintiff must satisfy the Supreme Court's *Daimler AG* test to establish general jurisdiction in New York. *See Austin Env't Corp. v. Margarita Express, LLC*, No. 21 Civ. 4385, 2022 WL 1443356, at *8 (S.D.N.Y. May 6, 2022) (reciting the words of the New York long-arm statute but applying the rule from *Daimler AG* to evaluate general jurisdiction). Under *Daimler AG*, an entity's "affiliations with the [forum] State [must be] so continuous and systematic as to render [it] essentially at home in the forum State." 571 U.S. at 138. But although an entity's state of incorporation and the state of its principal place of business are "paradigmatic" states where general jurisdiction exists, general jurisdiction can exist in other states too. *Id.* at 137, 138.

Here, even though Taasera's principals have tried to manufacture general jurisdiction in Texas—and defeat general jurisdiction elsewhere—by forming Taasera under the laws of Texas and labelling a Texas law firm at which no Taasera employees work as Taasera's principal place of business, Taasera is at home in this district. Taasera is a manager-managed limited-liability company. Dkt. 21-11 at 2. The sole manager of Taasera is the New York-based Quest, and Quest's chief executive officer is Jon Scahill, a New York attorney whom Taasera admits manages Taasera

---

[5] While Taasera boasts an address in Plano, Texas, this appears to be based on its website, which was established on March 14, 2022. Ex. C at 2 (MDL Dkt. 28-9) (showing "Created: 2022-03-14"). Taasera's own complaint in East Texas identified its address as 100 West Houston Street, Marshall, Texas 75670, which is the office of the Truelove Firm, Taasera's local counsel in East Texas. *See* Dkt. 55-1, ¶ 1.

from New York. Dkt. 21-11 at 2; Dkt. 58, ¶ 3; Dkt. 21-11 at 3; Ex. A. Taasera's principals have therefore structured Taasera such that it cannot act without entities and persons in New York directing it. In contrast, Taasera's contacts with Texas exist only on paper. They are purely contrived and practically meaningless. Because Jon Scahill and Quest direct and manage Taasera from New York, Taasera's affiliation here is continuous and systematic and it is home in New York.  The Court can therefore exercise general jurisdiction over Taasera.

### 3.  The Court has personal jurisdiction over Taasera because Taasera is an alter ego of Quest.

"[I]n general, alter egos are treated as one entity for jurisdictional purposes." *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) (citation omitted). Under New York law, the alter ego analysis in the jurisdictional context is "less onerous" than the standard for piercing the corporate veil in the liability context.  *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903-04 (2d Cir. 1981) (showing of fraud not required to demonstrate that company was a "shell"). In such cases, "[t]he critical question i[n] determining whether a corporation is a 'shell' company is whether it is being used by the dominating entity to advance its own personal interests as oppose[d] to furthering the corporate ends." *Miramax Film Corp. v. Abraham*, 01-CV-5202 (GBD), 2003 WL 22832384, at *7-8 (S.D.N.Y. Nov. 25, 2003) (internal citations omitted). Courts in this District have established ten non-exhaustive factors for establishing alter ego status. *See Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*, 20 Civ. 4892 (NRB), 2021 WL 4137528, at *4 (S.D.N.Y. Sep. 10, 2021). These factors include:

> "(1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of business discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arm[']s length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities."

17

*Id*. (the "*Platina Bulk* Factors").

These factors show that Quest completely dominates Taasera.  First, Taasera and Quest are undercapitalized. According to Quest's 10-K, Taasera's patents are its only asset such that a judgment against it may result in Taasera's bankruptcy. Dkt. 21-12 at 20. Likewise, Quest states about itself that it has no assets out of which to pay a judgment against its subsidiaries, including Taasera. *Id.* Second, the same person manages Taasera and Quest. Jon Scahill is Quest's chief executive officer. Dkt. 21-11 at 3. And according to Taasera, Jon Scahill also manages Taasera. Dkt. 58, ¶ 3. Third, Taasera and Quest share common contact information. Indeed, the Patent Office's assignment documents reflecting the assignment of five of the patents-in-suit to Taasera lists Quest's Rye, New York address as the address for correspondence related to those patents. Dkt. 21-13 at 3. Fourth, Quest views Taasera as a source of profits for itself rather than an independent profit center. Quest's own website even advertises Taasera's patent portfolio and touts Taasera's Eastern District of Texas case against PAN as a Quest "Portfolio Update." Dkt. 21-14 at 5, 7. Fifth, Quest has paid certain debts of Taasera. Critically, Quest provided Taasera with $250,000 so that Taasera could acquire four of the patents-in-suit.  Dkt. 21-12 at 19. Thus, Quest dominates Taasera such that the Court should impute its contacts with New York to Taasera.

Quest has substantial contacts with New York that subject it to this Court's personal jurisdiction. Indeed, Quest's principal place of business is in Rye, New York, and Quest's chief executive officer, Jon Scahill, manages Quest from New York. *Id.* at 1, 10; Dkt. 21-11 at 3; Ex. A; Dkt. 58, ¶ 3. Quest also emphasizes its New York residence on its website, which depicts the New York skyline, states that Quest is "New York based," and lists 411 Theodore Fremd Avenue, Rye, New York as Quest's address. Dkt. 21-14 at 1. Given the foregoing contacts, Quest has purposefully availed itself of the privilege of transacting business in New York through actions that gave rise to

this litigation and is at home in New York such that the Court has specific and general jurisdiction over Quest. And because Quest is Taasera's alter ego, the Court should impute the foregoing contacts to Taasera and exercise personal jurisdiction over Taasera.

**B.    The First Amended Complaint Sufficiently Pleads Non-Infringement**

PAN's complaint pleads sufficient facts to support its claims for declaratory judgment of non-infringement of each asserted patent. To prove infringement, a patentee must establish that all elements of the asserted patent claim are present in the accused device, literally or by an equivalent. If even one element of a claim is missing, there is no infringement. *Kahn v. General Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1998) ("The absence of even a single limitation . . . from the accused device precludes a finding of literal infringement."). Here, for each patent, PAN identified at least one specific limitation that is missing from the accused PAN products and included factual allegations that those feature(s) are not present in the accused products. For example, PAN alleged the following with respect to its claim for non-infringement of the '796 Patent:

> 24.  For example, claim 1 of the '796 Patent recites "identifying at least a portion of information associated with the at least one regularly identifiable expression; and extracting the portion of information." Palo Alto Networks' accused products do not infringe at least because they do not identify a portion of information associated with a regularly identifiable expression and then extract that portion of information, as properly construed and recited in the claim.

Dkt. 21, ¶ 24; *see also id.* ¶¶ 28, 32, 36, 40, 44, 48, 52, 54 (similar format allegation for all other patents). The first sentence of this paragraph identifies a relevant claim limitation. The second sentence then makes a factual allegation that PAN's products do not contain the requisite functionality. The Court must accept these factual allegations, as both Quest and Taasera admit. Dkt. 51 at 13; Dkt. 57 at 16 (both citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), *as*

*amended* (Apr. 20, 2001)).[6] These factual allegations are sufficient to state a claim, as confirmed by numerous courts. *See, e.g.*, *Lopez v. Fluidra USA LLC*, No. 21 Civ. 0044, 2021 WL 2939812, at *2 (S.D. Cal. July 13, 2021) (denying motion to dismiss counterclaims of non-infringement where "[d]efendants clearly explained why their accused products do not infringe.  On the '041 Patent, Defendants allege they do not infringe because the accused products do not meet the claim limitations of a "cartridge", "wedges formed between each of the apertures", and "a plurality of spaced-apart apertures."); *see also Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 18 Civ. 00671, 2019 WL 1383272, at *3 (S.D. Cal. Mar. 27, 2019) (finding allegations sufficient because they identified the claim limitations allegedly not infringed); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17 Civ. 01958, 2018 WL 1400440, at *2 (N.D. Cal. Mar. 20, 2018) (finding "general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage").

Taasera has failed to show any reason why PAN's well-pled factual allegations are insufficient, and it fails to cite or even acknowledge PAN's *factual* allegations regarding noninfringement in ¶¶ 24, 28, 32, 36, 40, 44, 48, 52, and 54. Instead of addressing those allegations, Taasera buries its head in the sand and focuses on *other* parts of the Complaint. Specifically, Taasera focuses entirely on ¶¶ 23, 27, 31, 35, 39, 43, 47, 51, and 55, where PAN alleged, for example, "Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '796 Patent." PAN has never contended these other paragraphs provide the factual basis for its claims. To the

---

[6] In one instance, Taasera complains that PAN's pleading "states, without factual support, that the Accused Products do not perform that claim limitation." Dkt. 57 at 16. But "factual support" is not required at the motion to dismiss stage. All that is required are factual *allegations*, which the Court must accept as true, as Taasera admits. *Gregory*, 243 F.3d at 691 (on Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint").

contrary, PAN has relied on ¶¶ 24, 28, 32, 36, 40, 44, 48, 52, and 54; *see also* Dkt. 44 at 3 (relying on the same paragraphs in the pre-motion letter). The failure to address these factual allegations, which Taasera admits must be accepted as true by the Court at the Rule 12 stage, is sufficient reason to deny Taasera's motion.

Furthermore, Taasera's case law is inapposite. In *E&E*, unlike the present case, the proposed counterclaim *did not identify any limitations* as allegedly not infringed, but instead solely stated the ultimate conclusion of non-infringement as follows: "London Luxury does not infringe the '376 patent because the accused products do not practice each claim of the '376 patent." *E&E Co. v. London Luxury LLC*, No. 20 Civ. 09610, 2021 WL 5357474, at *3 (S.D.N.Y. Nov. 17, 2021). PAN's pleading goes far beyond that in *E&E*, by identifying a specific claim limitation and making a *factual* allegation about PAN's products. *See, e.g.*, Dkt. 21, ¶ 24 ("Palo Alto Networks' accused products do not infringe at least because they do not identify a portion of information associated with a regularly identifiable expression and then extract that portion of information, as properly construed and recited in the claim."). PAN's allegations of noninfringement are therefore sufficient under Rule 12(b)(6).

Taasera's other cases are similarly inapposite. For example, *Pilot* is substantially the same as *E&E* because, unlike here, the pleading in *Pilot* did not identify any specific missing claim limitations or factual allegations, but rather only contained "threadbare recitals of the elements of a cause of action." *Pilot Inc. v. NOCO Co. Inc.*, No. CV-20-01452-PHX-SRB, 2021 WL 2188525, at *4 (D. Ariz. Feb. 12, 2021) (dismissing pleading that alleged, without any supporting factual allegations: "[Defendant] has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise"). *Webasto* is similar: its pleading only "recite[d] bare legal conclusions." *Webasto*

21

*Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16 Civ. 13456, 2017 WL 4535290, at *5 (E.D. Mich. Oct. 11, 2017). *PetEdge* is again the same: the court dismissed a pleading that "alleges that 'Marketfleet has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise,' without further support." *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. CV 16-12562-FDS, 2017 WL 2983086, at *3 (D. Mass. July 12, 2017). PAN's allegations go beyond simply stating the conclusion of non-infringement, but instead identifies specific claim limitations of each patent that are missing from the accused products, and for each patent include factual allegations about PAN's products not meeting those limitations.  PAN's allegations far exceed those in *E&E*, *Pilot*, *Webasto*, and *PetEdge* and instead fall squarely within the cases that find allegations of noninfringement sufficient. *See supra* at 20-21. Thus, dismissal is unwarranted.

Taasera also relies on *Comcast*, where the complaint only identified a claim limitation but did not include any factual allegations about the product. *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017). Here, by contrast, PAN has not only identified the relevant missing claim limitations but also included factual allegation about its products lacking those limitations.

Taasera finally relies on *Tannerite*, which is inapposite. There the court found defendant had not alleged facts to "support a reasonable inference [that] defendant did not sell or offer to sell a product that had no substantial non-infringing use." *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016). But PAN's pleading is not based on lack of substantial non-infringing uses (and Taasera does not allege otherwise), so *Tannerite* is simply irrelevant.

Thus, none of Taasera's case law is on point. Taasera has ignored the factual allegations in PAN's complaint that distinguish PAN's allegations from those cases and that are sufficient to state a claim for declaratory judgment of non-infringement under Rule 12(b)(6). The Court should thus deny the Taasera's motion to dismiss for failure to state a claim.

Dated: New York, New York
      July 14, 2022

BY: */s/ Krishnan Padmanabhan*
KPadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 295-6700
Facsimile: (212) 294-4700

Kelly C. Hunsaker (pro hac vice)
KHunsaker@winston.com
Michael R. Rueckheim
MRueckheim@winston.com
Matthew R. McCullough (pro hac vice)
MRMcCullough@winston.com
WINSTON & STRAWN LLP
225 Shoreline Drive, Suite 520
Redwood City, CA 94065

TO: Mark Rosenberg
      TARTER KRINSKY & DROGIN LLP
      1350 Broadway, 11th Floor
      New York, NY 10018
      Tel: (212) 216-8000
      Attorneys for Defendant
      Quest Patent Research Corporation

Vivek V. Krishnan (pro hac vice)
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Juan Yaquian (pro hac vice)
JYaquian@winston.com
WINSTON & STRAWN, LLP
800 Capital St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Attorneys for Plaintiff,
PALO ALTO NETWORKS, INC.

23