# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALO ALTO NETWORKS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TAASERA LICENSING LLC, and QUEST PATENT RESEARCH CORPORATION,<br><br>Defendants. | Civil Action No. 1:22-cv-02306-ER |

# PLAINTIFF PALO ALTO NETWORK'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT QUEST'S MOTION TO DISMISS

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | BACKGROUND FACTS | | 2 |
| II. | LEGAL STANDARD | | 5 |
| | A. | Choice of Law | 5 |
| | B. | Motion to Dismiss for Lack of Subject Matter Jurisdiction | 5 |
| | C. | Alter Ego Status | 6 |
| | D. | Motion to Dismiss for Failure to State a Claim | 8 |
| III. | ARGUMENT | | 8 |
| | A. | Taasera and Quest are Alter Egos | 8 |
| | | 1. Quest Relies Upon the Wrong Legal Standard | 8 |
| | | 2. Factor 2: inadequate capitalization | 9 |
| | | 3. Factor 4: overlap in ownership, officers, directors, and personnel | 9 |
| | | 4. Factor 5: common office space, address and telephone numbers of corporate entities | 10 |
| | B. | Quest Abuses the Corporate Form to Perpetuate a Fraud | 11 |
| | C. | The First Amended Complaint Sufficiently Pleads Non-Infringement | 11 |
| IV. | CONCLUSION | | 15 |

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
    122 F.3d 130 (2d Cir. 1997)..........................................................................................8

*Bravado Int'l Grp. Merch. Servs., Inc.*,
    655 F. Supp. 2d at 177 (E.D.N.Y. 2009) .....................................................................8

*Cardell Fin. Corp. v. Suchodolski Assocs.*,
    No. 09 Civ. 6148 (VM), 2021 WL 12932049 (S.D.N.Y. July 17, 2012) .................9

*Carson Optical Inc. v. eBay Inc.*,
    202 F. Supp. 3d 247 (E.D.N.Y. 2016) .........................................................................7

*Cohen v. Schroeder*,
    248 F. Supp. 3d 511 (S.D.N.Y. 2017), *aff'd*, 724 F. App'x 45 (2d Cir. 2018).........8

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
    319 F.R.D. 269 (N.D. Cal. 2017)................................................................................14

*E&E Co. v. London Luxury LLC*,
    No. 20 Civ. 09610, 2021 WL 5357474 (S.D.N.Y. Nov. 17, 2021) ..................13, 14

*Essar Steel Algoma Inc v. Nev. Holdings, Inc.*,
    17 Misc. 360 (AT) (RWL), 2020 WL 2539031 (S.D.N.Y. May 18, 2020).......5, 7, 8

*Evolve Techs., LLC v. Coil Winding Specialist, Inc.*,
    No. 18 Civ. 00671, 2019 WL 1383272 (S.D. Cal. Mar. 27, 2019).........................12

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001), *as amended* (Apr. 20, 2001).......................................12

*Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc.*,
    No. 18 CIV. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018) ...................8

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010)........................................................................................................10

*Hubei Jingzhou Yizhou Indus. Co., Ltd. v. JNJ Rest. Supplies, Inc.*,
    10 Civ. 2642 (WHP), 2010 WL 5174337 (S.D.N.Y. Dec. 9, 2010) ........................5

*Insituform Techs., Inc. v. Cat Contr., Inc.*,
    385 F.3d 1360 (Fed. Cir. 2004)....................................................................................4

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*,
    475 F. Supp.2d 456 (S.D.N.Y. 2007).................................................................6, 8, 10

*Ironworks Pats. LLC v. Samsung Elecs. Co.*,
    No. 17 Civ. 01958, 2018 WL 1400440 (N.D. Cal. Mar. 20, 2018) .......................................... 12

*Kahn v. General Motors Corp.*,
    135 F.3d 1472 (Fed. Cir. 1998) ............................................................................................... 11

*Lopez v. Fluidra USA LLC*,
    No. 21 Civ. 0044, 2021 WL 2939812 (S.D. Cal. July 13, 2021) .............................................. 12

*Mashud Parves Rana v. Islam*,
    305 F.R.D. 53 (S.D.N.Y. 2015) .................................................................................................. 5

*Miramax Film Corp. v. Abraham*,
    No. 01 Civ. 5202, 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003) ................................. 6, 8, 10

*Music Mix Mobile LLC v. Newman*,
    592 B.R. 292 ............................................................................................................................... 8

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
    No. CV 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017) .............................. 13, 14

*Pilot Inc. v. NOCO Co. Inc.*,
    No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. Feb. 12, 2021) ..................... 13, 14

*Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*,
    20 Civ. 4892 (NRB), 2021 WL 4137528 (S.D.N.Y. Sep. 10, 2021) ............................... *passim*

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
    No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016) ......................................... 14

*Thrift Drug, Inc. v. Universal Prescription Adm'rs*,
    131 F.3d 95 (2d Cir. 1997) ........................................................................................................ 8

*Universitas Educ., LLC v. Benistar*,
    No. 20 Civ. 00738 (JAM), 2021 WL 965794 (D. Conn. Mar. 15, 2021) ................................ 10

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
    No. 16 Civ. 13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017) ................................. 13, 14

*Williamson v. Recovery Ltd. P'ship*,
    542 F.3d 43 (2d Cir. 2008) .................................................................................................... 7, 8

**Other Authorities**

Rule 12 .............................................................................................................................................. 12

Rule 12(b)(6) ..................................................................................................................... 7, 12, 13, 14

**I.      INTRODUCTION**

Despite Defendants' attempts to engineer a low-risk patent monetization program using a single purpose shell company purportedly located at counsel's offices in the Eastern District of Texas, all roads lead back to parent Quest Patent Research Corporation ("Quest") here in New York. Quest intertwines its personnel, business activities, and funding with its shell company subsidiaries. Here specifically, Quest and Taasera Licensing LLC ("Taasera")[1] are alter egos of each other and—in true essence—a single entity. There can be no doubt that here between Quest and Taasera, this Court has proper subject matter jurisdiction. Quest is a patent monetization business run and managed by a lawyer named Jon Scahill. Mr. Scahill is also Taasera's sole manager in the United States. Quest has acknowledged that it formed Taasera as an undercapitalized shell subsidiary in order to litigate patents that Quest acquired while side-stepping any potential adverse award of attorneys' fees. These facts and the others discussed herein easily meet the standard for holding Taasera and Quest as alter egos. The "two" businesses are intertwined and their attempt to shift focus on a "principal place of business located in Plano, Texas" is a sham argument designed to manipulate jurisdiction.

In its motion, Quest separately argues that Palo Alto Networks, Inc.'s ("PAN") complaint insufficiently alleges noninfringement, and in so doing, Quest conveniently ignores that PAN's complaint specifically identifies limitations that are not found in PAN's products. PAN's complaint also provides supporting factual allegations with respect to specific claim limitations. The level of specificity provided by PAN is legally sufficient.

---

[1] Taasera is not challenging subject matter jurisdiction. *See generally* Dkt. 57.

Accordingly, PAN requests this Court: (i) deny Quest's motion to dismiss PAN's first amended declaratory judgment complaint (the "FAC") for lack of subject matter jurisdiction; and (ii) deny Defendant Quest's alternative motion to dismiss the FAC for failure to state a claim.

## I.   BACKGROUND FACTS

Quest argues that: "While Quest owns Taasera, Quest is not involved in the day-to-day management or operations of Taasera." Dkt. 51, at 2.  However, public information clearly suggests otherwise.  Discovery of Quest's confidential business information could further elucidate the circumstances, if permitted.[2]  Taasera's Certificate of Formation explicitly states that the **only** manager of Taasera is "Quest Patent Research Corporation." Dkt. 21-11 (Taasera Licensing LLC's Certificate of Formation). Taasera and Quest are also listed at the address: 411 Theodore Fremd Ave., Suite 206S, Rye NY. *Id.*; *see also* Dkt. 21-14, at 3 (posts from Quest's website showing address); Dkt. 21-13, at 3 (Patent Reassignment form correspondence address)

The transaction trails for the patents Taasera asserts in its monetization program all lead back to Quest.  With respect to the patents at issue in the above captioned case, the patent assignment from Daedalus Blue LLC ("Daedalus") to Taasera identifies "QUEST PATENT RESEARCH CORPORATION" and Jon Scahill at a Quest email address (jscahill@qprc) as managing the assignment. Dkt. 21-13, at 3 (Patent Reassignment Form). Quest also stated in its 2021 10-K SEC filing that it funded Taasera's purchase of its patent portfolio. Dkt. 21-12 at 81. Quest acquired, through Taasera, seven U.S. patents as part of the May 20, 2021 patent reassignment agreement. Dkt. 21-12, at 9. Quest acquired, through Taasera, the rest of its twenty-two patents from Daedalus on August 31, 2021. Dkt. 21-13, at 2-3, 6. Quest also announced that the patents were "recently acquired using [Quest's] $27m capital facility." Dkt. 21-14, at 5.

---

[2] PAN has filed a motion seeking jurisdictional discovery to investigate Taasera's other connections to New York and to Quest.  *See* Dkt. 60.

Quest publicly proclaims that it manages many aspects of the patents assigned to its subsidiaries like Taasera.  *See* Dkt. 21-12, at 5 (admitting that Quest's "principal operations "include the **acquisition, licensing and enforcement** of intellectual property rights that are **either owned or controlled by us or one of our wholly-owned subsidiaries**") (emphases added). Indeed, Quest's revenue stream comes directly from this management activity.  *See id*. at 5 (Quest's "primary source of revenue will come from the grant of licenses to use *our intellectual property*"; "to date[,] all [of Quest's] patent license revenues have resulted from litigation") (emphasis added).

Taasera does not appear to have any substantive business operations other than, as Quest specifically engineered, to act as an underfunded shell for Quest to assert its patents.  Quest admitted in its 10-K that its "subsidiaries do not have any assets other than the patents."  Dkt. 21-12, at 94.  Quest organized Taasera in this fashion (undercapitalized) so that the company "does not have any available financial resources to pay any judgment which a defendant may obtain against" Taasera.  *Id.*  Further, while Quest alleges that Taasera is "building an internet security company in Texas" (Dkt. 51, at 2), it has not explained how Taasera is doing that activity without assets.  Nor has Quest explained how Taasera is conducting substantive business when its listed address is simply the office of its local counsel in Marshall, Texas. *See* Ex. C (Taasera Licensing LLC); Dkt. 21-11 (Taasera's Certificate of Formation); Dkt. 49-1, ¶ 1, p. 76; Ex. D (Photo of Truelove Law Firm #1); Ex. E (Photo of Truelove Law Firm #2); Ex. F (Truelove Law Firm address); Dkt. 21-10 (Truelove Law Firm signature).

Quest's focus on Taasera's "website" appears to be gamesmanship designed to improperly manipulate jurisdiction.  Taasera's website was only recently registered on March 14, 2022, by an individual located in New York, just one week before Taasera's initial complaint against PAN in

the Eastern District of Texas. Ex. G at 2 (MDL Dkt. 28-9). In fact, even on April 6, 2022, the website was not live. Ex. H (Taaseratrust.com draft). Therefore, at the time of the patent reassignment from Daedalus or Taasera, Inc., this website did not even exist. Dkt. 21-13, at 2. The website also fails to provide any physical address of its supposed "office[] in Plano, Texas[.]" Ex. I (http://taaseratrust.com/). In addition, a search for Taasera Licensing LLC and "Plano, Texas" does not produce any results indicating that such an address exists. These irregularities all support the fact that Quest and Taasera are alter egos. In fact, while this website did not exist, on Quest's website, Quest repeatedly announced Taasera's litigation activities, including against PAN. Dkt. 21-14.

Quest and Taasera also have overlapping management. Neither Quest nor Taasera has identified anyone who purportedly manages Taasera from Texas. Instead, Mr. Jon Scahill is the **only** full-time employee of Quest, its CEO, and its President – and he is also Taasera's registered agent and its only manager in the United States. Dkt. 21-11, at 3; Dkt. 58, ¶¶ 1, 3. Mr. Scahill is also a registered attorney with the New York State bar and his business address is listed within this District. Ex. A (Scahill New York Attorney Registration). He uses his legal training to manage various aspects of Quest and Taasera's patent portfolios. *See* Dkt. 21-12, at 12 (Mr. Scahill is responsible for "locating, evaluating, and negotiating and performing due diligence with respect to intellectual property rights from the owners, managing our intellectual property portfolios, engaging in licensing activities and monetizing the rights through licensing and managing and monitoring any litigation with respect to our intellectual property as well as defending any actions by potential licensees seeking a declaratory judgment that they do not infringe"). Mr. Scahill performs this overlapping work for Quest and Taasera at his Quest business address within New

York. *See* Dkt. 58, ¶ 3; Ex. A; Dkt. 21-14. This same address is shared by Taasera's counsel, the Fabricant Firm. Ex. B (Fabricant Firm Contact Information).

All of this publicly available evidence indicates that Taasera and Quest are alter egos controlled by Jon Scahill, a New York attorney residing and conducting business in this District.

## II.  LEGAL STANDARD

### A.  Choice of Law

The pivotal question for the Court to resolve Quest's motion is whether Quest and Taasera are in fact alter egos of each other. This is not a substantive issue related to patent law and therefore the applicable law on this issue is that of New York. *See Insituform Techs., Inc. v. Cat Contr., Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004) ("Because the alter ego issue is not unique to patent law, this court applies the law of the regional circuit.") (citing *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984)).[3]

### B.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction, "[t]he court must accept as true all material facts alleged in the complaint." *Mashud Parves Rana v. Islam*, 305 F.R.D. 53, 59 (S.D.N.Y. 2015) (citing *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001)). Further, all reasonable inferences must be drawn in favor of the plaintiff. *Hubei Jingzhou Yizhou Indus. Co., Ltd. v. JNJ Rest. Supplies, Inc.*, 10 Civ. 2642 (WHP), 2010 WL 5174337, at *2 (S.D.N.Y. Dec. 9, 2010) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). And, "'[i]n resolving a motion to dismiss for lack of subject matter jurisdiction . . . [,] a district court may consider evidence outside the pleadings.'" *Hubei Jingzhou Yizhou Indus. Co., Ltd.*, 2010 WL 5174337, at *2 (citing *Morrison*, 547 F.3d at 170).

---

[3] Quest does not dispute that New York alter-ego law properly applies here. *See* Dkt. 51, at 8.

This Court held in *Hon Hai Precision Industry Co. v. Wi-LAN, Inc.*, which dispute included a claim for declaratory judgment of non-infringement, that "it is necessary to consider: (1) whether there is an 'actual controversy' between the parties, within the meaning of Article III; and (2) whether subject matter jurisdiction would exist over that controversy, were it brought as a coercive action." No. 12 Civ. 7900 (SAS), 2013 WL 2322675, at *4 (S.D.N.Y. May 28, 2013) (citation omitted). Furthermore, for the purposes of jurisdiction, "[a]lter ego entities are a single entity." *Essar Steel Algoma Inc v. Nev. Holdings, Inc.*, 17 Misc. 360 (AT) (RWL), 2020 WL 2539031, at *2 (S.D.N.Y. May 18, 2020).

### C. Alter Ego Status

Quest misrepresents this jurisdiction's alter ego doctrine when it states:

> To establish that parties are alter egos of each other requires evidence showing (1) 'that the owner exercised complete domination over the corporation with respect to the transaction at issue' *and* (2) 'that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.' *Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 96, 97 (2d Cir. 1997).

Dkt. 51, at 8.

Rather, this Court has explained that, under New York law:

> **The standard** for piercing the corporate veil for liability purposes **is not, however, the same standard to be used when piercing for jurisdictional purposes**. The standard for piercing the corporate veil **for purposes of obtain[ing] jurisdiction is a less stringent one**. If a corporation is merely a shell, ***the corporate veil may be pierced to impute jurisdiction even without a showing that the shell was used to perpetrate a fraud.***

*Miramax Film Corp. v. Abraham*, No. 01 Civ. 5202, 2003 WL 22832384, at *6-7 (S.D.N.Y. Nov. 25, 2003) (emphases added); *see also Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp.2d 456, 459 (S.D.N.Y. 2007) ("'New York law allows the corporate veil to be pierced *either* when there is fraud or when the corporation has been used as an alter ego.' The latter

6

normally requires 'a showing of . . . complete control by the dominating corporation that leads to a wrong against third parties.' **But this standard is relaxed where the *alter ego* theory is used not to impose liability, but merely to establish jurisdiction. In such instance, the question is only whether the allegedly controlled entity 'was a shell' for the allegedly controlling party; it is not necessary to show also 'that the shell was used to commit a fraud.'"**) (italics in original, bold added) (citations omitted).

Courts in this District have established ten non-exhaustive factors for determining whether a controlled party is merely a shell for the controlling party and therefore establishing alter-ego status. *See Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*, 20 Civ. 4892 (NRB), 2021 WL 4137528, at *4 (S.D.N.Y. Sep. 10, 2021). These factors include:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of business discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arm[']s length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

*Id.* (the "*Platina Bulk* Factors").

Moreover, "[n]o one factor is dispositive and '[t]here is no set rule as to how many of these factors must be present to warrant piercing the corporate veil.'" *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 53 (2d Cir. 2008) (citation omitted); *cf. See Essar Steel Algoma Inc.*, 2020 WL 2539031, at *3 ("A plaintiff need not allege all the factors – only 'some combination.'"). "Rather, the general principle guiding courts in determining whether to pierce the corporate veil has been that liability is imposed when doing so would achieve an equitable result." *Platina Bulk Carriers*, 2021 WL 4137528, at *4 (citation and internal quotation marks omitted).

### D. Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Essar Steel Algoma Inc*, 2020 WL 2539031, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). More specifically, "[a] complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 252 (E.D.N.Y. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, "[t]he complaint must provide 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, "'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id*. (citing *Twombly*, 550 U.S. at 556).

### III. ARGUMENT

#### A. Taasera and Quest are Alter Egos

##### 1. Quest Relies Upon the Wrong Legal Standard

Quest relies on inapplicable cases to argue that Taasera and Quest are not alter egos because "neither Quest nor Taasera exercise complete domination over the other" and because "the Complaint fail[ed] to sufficiently allege that 'such domination was used to commit a fraud or wrong against [Palo Alto]." Dkt. 51, at 14, 17.[4] But the "domination" and "fraud" standard is used

---

[4] Each of the opinions that Quest cites involved discussed alter ego status for the purposes of establishing liability, **not** jurisdiction. *See Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95 (2d Cir. 1997) (Motion for summary judgment, determining liability); *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (motion to compel arbitration); *Bravado Int'l Grp. Merch. Servs., Inc.*, 655 F. Supp. 2d at 177 (E.D.N.Y. 2009) (calculating damages for liability); *Cohen v. Schroeder*, 248 F. Supp. 3d 511 (S.D.N.Y. 2017), *aff'd*, 724 F. App'x 45 (2d

8

for a liability analysis, *not* for jurisdictional analysis as here. *See Miramax Film Corp.*, 2003 WL 22832384, at *6-7; *Int'l Equity Invs.*, 475 F. Supp.2d at 459.

Instead, the correct legal standard for determining an alter-ego relationship is use of the ten non-exclusive *Platina Bulk* Factors. *See supra* Section III.C. "No one factor is dispositive" and "[t]here is no set rule as to how many of these factors must be present to warrant piercing the corporate veil." *Williamson*, 542 F.3d at 53; *cf. See Essar Steel Algoma Inc.*, 2020 WL 2539031, at *3 ("A plaintiff need not allege all the factors – only 'some combination.'"). Here, as discussed below, an application of the proper legal standard sufficiently satisfies the more relaxed bar for establishing alter ego status for jurisdictional purposes. *See Miramax Film Corp.*, 2003 WL 22832384, at *6-7; *Int'l Equity Invs.*, 475 F. Supp.2d at 459.

### 2.     Factor 2: inadequate capitalization

*Platina Bulk* Factor 2 weighs in favor of finding an alter ego relationship. Quest undercapitalizes Taasera. Quest admitted in its 10-K that its "subsidiaries do not have any assets other than the patents" and that it set Taasera up in this way so that the company "does not have any available financial resources to pay any judgment which a defendant may obtain against" Taasera. Dkt. 21-12, at 94. This type of undercapitalization "weighs heavily in favor of a finding that the corporate form of an entity should be disregarded." *Cardell Fin. Corp. v. Suchodolski Assocs.*, No. 09 Civ. 6148 (VM) (MHD), 2021 WL 12932049, at *22 (S.D.N.Y. July 17, 2012). In fact, in *Cardell*, the court found the party to be an alter ego even though the parties did not share office spaces or cell phone numbers, as they do in the instant case. *Id*. at *25.

### 3.     Factor 4: overlap in ownership, officers, directors, and personnel

---

Cir. 2018) (motion for summary judgment, determining liability); *Music Mix Mobile LLC v. Newman*, 592 B.R. 292 (bankruptcy case, discussing alter ego liability); *Handal & Morofsky, LLC v. Viatek Consumer Prod. Grp., Inc.*, No. 18 CIV. 1887 (ER), 2018 WL 5886122, at *12 (S.D.N.Y. Nov. 8, 2018) (motion to dismiss for failure to state a claim, "alter ego liability").

9

*Platina Bulk* Factor 4 weighs in favor of finding an alter ego relationship. Quest's only full-time employee is Jon Scahill. Mr. Scahill is also Taasera's only U.S.-based manager. *See Platina Bulk*, 2021 WL 4137528, at *4, 5 (considering the fact "that the three companies have overlapping personnel (including one individual who appears to be the key person at all three entities" to be a factor in favor of alter ego finding); Dkt. 58, ¶¶ 1, 3, 4. In his multi-managerial roles, Jon Scahill signed documents relating to Taasera using his Quest title and e-mail address. Dkt. 21-13, (listing his email as "jscahill@qprc.com" on Taasera's patent reassignment filing with the U.S.P.T.O.). Furthermore, although Quest now claims that "Quest [h]as [n]o [l]egal [r]ights to the [p]atents-[i]n-[s]uit" (Dkt. 51, at 6), this new allegation is a stark contrast from the statements Quest made to the Securities Exchange Commission on its 2021 10-K filing, when it stated that "[its] principal operations include the acquisition, licensing and enforcement of intellectual property rights that are either owned or controlled by us or one of our wholly-owned subsidiaries." Dkt. 21-12, at 5. Mr. Scahill's overlapping management role in both companies to perform these overlapping patent enforcement and acquisition roles indicate that the companies are alter-egos.

### 4. Factor 5: common office space, address and telephone numbers of corporate entities

*Platina Bulk* Factor 5 weighs in favor of finding an alter ego relationship. Quest insists that Quest and Taasera are separate entities and "[t]he two entities do not share any office space." Dkt. 51, at 9. However, Taasera's Certificate of Formation shows that the office of Taasera's manager is located at 411 Theodore Fremd Ave., Suite 206S, Rye, NY. Dkt. 21-11, at 2. This is the same address that Quest provides on its website. Dkt. 21-14, at 3. The patent reassignment from Daedalus to Taasera was also filed from this same address. Dkt. 21-13, at 3.

Quest's allegation that Taasera has "its principal place of business located in Plano, Texas" is unsupported. Quest offers no specific address in Plano. Instead, Taasera's Certificate of

10

Formation identifies an address in Marshall, Texas 57670 as Taasera's office. Ex. C; Dkt. 21-11. This address, however, is identical to that of Taasera's Texas patent counsel, the Truelove Law Firm, and not a true place of business activities for Taasera. Dkt. 49-1, ¶ 1, p. 76; Dkt. 21-10; Ex. D, E, F. Furthermore, as discussed above, Taasera is managed by Jon Scahill from his office in Rye, NY, not from Plano, Texas. Taasera's Plano "place of business" appears to be a sham that seeks to improperly game jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (urging courts to ensure that the jurisdictional and venue laws are not frustrated by a party's attempts at manipulation).

### B. Quest Abuses the Corporate Form to Perpetuate a Fraud

As noted above, under New York law, the question of fraud does not enter into the analysis when an alter-ego theory is used for establishing jurisdiction. *See supra* Section III.C.; *Miramax Film Corp.*, 2003 WL 22832384, at *6-7; *Int'l Equity Invs.*, 475 F. Supp.2d at 459. But even if Quest had not cited the incorrect standard and the appropriate analysis here **did** consider fraud, PAN has established that Quest is a mere alter-ego of Taasera. Quest intentionally undercapitalized Taasera in order to try and avoid adverse awards of attorneys' fees. Dkt. No. 21-12 at 20. This purposeful abuse of the corporate form to avoid potential judgments of this Court is fraudulent, and permitting a company to avoid potential judgments of this Court simply by incorporating a shell subsidiary would be unjust. *See Universitas Educ., LLC v. Benistar*, No. 20 Civ. 00738 (JAM), 2021 WL 965794, at *10 (D. Conn. Mar. 15, 2021) ("Universitas has plausibly alleged injustice through Daniel Carpenter's use of shell companies including GMP to prevent Universitas from receiving tens of millions of dollars of the judgment it is owed.").

### C. The First Amended Complaint Sufficiently Pleads Non-Infringement

PAN's complaint pleads sufficient facts to support its claims for declaratory judgment of non-infringement of each asserted patent. To prove infringement, a patentee must establish that all

11

elements of the asserted patent claim are present in the accused device, literally or by an equivalent. If even one element of a claim is missing, there is no infringement. *Kahn v. General Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1998) ("The absence of even a single limitation . . . from the accused device precludes a finding of literal infringement."). Here, for each patent, PAN identified at least one specific limitation that is missing from the accused PAN products and included factual allegations that those feature(s) are not present in the accused products. For example, PAN alleged the following with respect to its claim for non-infringement of the '796 Patent:

> 24. For example, claim 1 of the '796 Patent recites "identifying at least a portion of information associated with the at least one regularly identifiable expression; and extracting the portion of information." Palo Alto Networks' accused products do not infringe at least because they do not identify a portion of information associated with a regularly identifiable expression and then extract that portion of information, as properly construed and recited in the claim.

Dkt. 21, ¶ 24; *see also id.* ¶¶ 28, 32, 36, 40, 44, 48, 52, 54 (similar format allegation for all other patents). The first sentence of this paragraph identifies a relevant claim limitation. The second sentence then makes a factual allegation that PAN's products do not contain the requisite functionality. The Court must accept these factual allegations, as both Quest and Taasera admit. Dkt. 51 at 13; Dkt. 57 at 16 (both citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001)).[5] These factual allegations are sufficient to state a claim, as confirmed by numerous courts. *See, e.g.*, *Lopez v. Fluidra USA LLC*, No. 21 Civ. 0044, 2021 WL 2939812, at *2 (S.D. Cal. July 13, 2021) (denying motion to dismiss counterclaims of non-infringement where "[d]efendants clearly explained why their accused products do not infringe. On the '041

---

[5] In one instance, Quest complains that PAN's pleading "states, without factual support, that the Accused Products do not perform that claim limitation." Dkt. 51 at 16. But "factual support" is not required at the motion to dismiss stage. All that is required are factual *allegations*, which the Court must accept as true, as Quest admits. *Gregory*, 243 F.3d at 691 (on Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint").

Patent, Defendants allege they do not infringe because the accused products do not meet the claim limitations of a "cartridge", "wedges formed between each of the apertures", and "a plurality of spaced-apart apertures."); *see also Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 18 Civ. 00671, 2019 WL 1383272, at *3 (S.D. Cal. Mar. 27, 2019) (finding allegations sufficient because they identified the claim limitations allegedly not infringed); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17 Civ. 01958, 2018 WL 1400440, at *2 (N.D. Cal. Mar. 20, 2018) (finding "general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage").

Quest has failed to show any reason why PAN's well-pled factual allegations are insufficient, and it fails to cite or even acknowledge PAN's *factual* allegations regarding noninfringement in ¶¶ 24, 28, 32, 36, 40, 44, 48, 52, and 54. Instead of addressing those allegations, Quest buries its head in the sand and focuses on *other* parts of the Complaint. Specifically, Quest focuses entirely on ¶¶ 23, 27, 31, 35, 39, 43, 47, 51, and 55, where PAN alleged, for example, "Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '796 Patent." PAN has never contended these other paragraphs provide the factual basis for its claims. To the contrary, PAN has relied on ¶¶ 24, 28, 32, 36, 40, 44, 48, 52, and 54; *see also* Dkt. 44 at 3 (relying on the same paragraphs in the pre-motion letter). The failure to address these factual allegations, which Quest admits must be accepted as true by the Court at the Rule 12 stage, is sufficient reason to deny Quest's motion.

Furthermore, Quest's case law is inapposite. In *E&E*, unlike the present case, the proposed counterclaim *did not identify any limitations* as allegedly not infringed, but instead solely stated the ultimate conclusion of non-infringement as follows: "London Luxury does not infringe the

13

'376 patent because the accused products do not practice each claim of the '376 patent." *E&E Co. v. London Luxury LLC*, No. 20 Civ. 09610, 2021 WL 5357474, at *3 (S.D.N.Y. Nov. 17, 2021). PAN's pleading goes far beyond that in *E&E*, by identifying a specific claim limitation and making a *factual* allegation about PAN's products. *See, e.g.*, Dkt. 21, ¶ 24 ("Palo Alto Networks' accused products do not infringe at least because they do not identify a portion of information associated with a regularly identifiable expression and then extract that portion of information, as properly construed and recited in the claim."). PAN's allegations of noninfringement are therefore sufficient under Rule 12(b)(6).

Quest's other cases are similarly inapposite. For example, *Pilot* is substantially the same as *E&E* because, unlike here, the pleading in *Pilot* did not identify any specific missing claim limitations or factual allegations, but rather only contained "threadbare recitals of the elements of a cause of action." *Pilot Inc. v. NOCO Co. Inc.*, No. CV-20-01452-PHX-SRB, 2021 WL 2188525, at *4 (D. Ariz. Feb. 12, 2021) (dismissing pleading that alleged, without any supporting factual allegations: "[Defendant] has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise"). *Webasto* is similar: its pleading only "recite[d] bare legal conclusions." *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16 Civ. 13456, 2017 WL 4535290, at *5 (E.D. Mich. Oct. 11, 2017). *PetEdge* is again the same: the court dismissed a pleading that "alleges that 'Marketfleet has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise,' without further support." *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. CV 16-12562-FDS, 2017 WL 2983086, at *3 (D. Mass. July 12, 2017). PAN's allegations go beyond simply stating the conclusion of non-infringement, but instead identifies specific claim limitations of each patent that are missing from the accused

14

products, and for each patent include factual allegations about PAN's products not meeting those limitations. PAN's allegations far exceed those in *E&E*, *Pilot*, *Webasto*, and *PetEdge* and instead fall squarely within the cases that find allegations of noninfringement sufficient. *See supra* at 20-21. Thus, dismissal is unwarranted.

Quest also relies on *Comcast*, where the complaint only identified a claim limitation but did not include any factual allegations about the product. *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017). Here, by contrast, PAN has not only identified the relevant missing claim limitations but also included factual allegation about its products lacking those limitations.

Quest finally relies on *Tannerite*, which is inapposite. There the court found defendant had not alleged facts to "support a reasonable inference [that] defendant did not sell or offer to sell a product that had no substantial non-infringing use." *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016). But PAN's pleading is not based on lack of substantial non-infringing uses (and Taasera does not allege otherwise), so *Tannerite* is simply irrelevant.

Thus, none of Quest's case law is on point. Quest has ignored the factual allegations in PAN's complaint that distinguish PAN's allegations from those cases and that are sufficient to state a claim for declaratory judgment of non-infringement under Rule 12(b)(6). The Court should thus deny the Quest motion to dismiss for failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, PAN respectfully requests that the Court: (i) deny Defendant Quest's motion to dismiss the FAC for lack of subject matter jurisdiction; (iii) deny Defendant Quest's motion to dismiss for failure to state a claim.

Dated: New York, New York
       July 14, 2022

        WINSTON & STRAWN LLP

        By: */s/ Krishnan Padmanabhan*
        Kelly C. Hunsaker (pro hac vice)
        KHunsaker@winston.com
        Michael R. Rueckheim
        MRueckheim@winston.com
        Matthew R. McCullough (pro hac vice)
        MRMcCullough@winston.com
        WINSTON & STRAWN LLP
        255 Shoreline Drive, Suite 520
        Redwood City, CA 94065

        Krishnan Padmanabhan
        KPadmanabhan@winston.com
        WINSTON & STRAWN LLP
        200 Park Avenue
        New York, NY 10166-4193
        Telephone: (212) 294-6700
        Facsimile: (212) 294-4700

TO:  Mark Rosenberg        Vivek V. Krishnan (pro hac vice)
      TARTER KRINSKY & DROGIN LLP    VKrishnan@winston.com
      1350 Broadway, 11th Floor     WINSTON & STRAWN LLP
      New York, NY 10018        35 W. Wacker Drive
      Tel: (212) 216-8000        Chicago, IL 60601
      Attorneys for Defendant      Telephone: (312) 558-5600
      Quest Patent Research Corporation  Facsimile: (312) 558-5700

      Alfred R. Fabricant        Juan Yaquian (pro hac vice)
      FABRICANT LLP         JYaquian@winston.com
      411 Theodore Fremd Ave.,     WINSTON & STRAWN LLP
      Suite 206 South         800 Capital St., Suite 2400
      Rye, New York 10580      Houston, TX 77002-2925
      Tel: (212) 257-5797        Telephone: (713) 651-2600
      Attorneys for Defendant      Facsimile: (713) 651-2700
      Taasera Licensing LLC

                                          Attorneys for Plaintiff,
                                          PALO ALTO NETWORKS, INC.