# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALO ALTO NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAASERA LICENSING LLC and QUEST PATENT RESEARCH CORPORATION, <br><br> Defendants. | Civil Action No. 1:22-cv-02306-ER |

# PLAINTIFF PALO ALTO NETWORKS, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................................... 1

II. ARGUMENT ............................................................................................................................. 3

    A. PAN Has, at Minimum, Made a "Sufficient Start" Toward Establishing Jurisdiction. ........................................................................................................... 3

    B. Defendants Ignore Controlling Law ................................................................... 5

    C. Defendants Do Not Dispute That PAN Has Made a "Sufficient Start" to Establishing Jurisdiction ..................................................................................... 8

    D. Defendants' Briefing Demonstrates the Need for Jurisdictional Discovery. ......... 9

III. CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ayyash v. Bank Al-Madina*,
   No. 04 Civ. 9201 (GEL), 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006) ............................. 3, 5, 6

*Blockchange Ventures I GP, LLC v. Blockchange, Inc.*,
   No. 21 Civ. 891, 2021 WL 3115437 (S.D.N.Y. July 22, 2021) ............................................. 9

*Daventree Ltd. v. Republic of Azer.*,
   349 F. Supp. 2d 736 (S.D.N.Y. 2004) ........................................................................ 5, 9, 10

*In re Hoosick Falls PFOA Cases*,
   431 F. Supp. 3d 69 (N.D.N.Y. 2020) ................................................................................ 5, 6

*Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*,
   64 F. Supp. 3d 494 (S.D.N.Y. 2014) ..................................................................................... 5

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*,
   475 F. Supp. 2d 456 (S.D.N.Y. 2007) ................................................................................... 7

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ............................................................................................. 6, 7

*Miramax Film Corp. v. Abraham*,
   No. 01 Civ. 5202 (GBD), 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003) ........................... 7

*MWH Int'l, Inc. v. Inversora Murten S.A.*,
   No. 11 Civ. 2444 (HB), 2012 WL 3155063 (S.D.N.Y. Aug. 3, 2012) .................................. 5

*Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*,
   20 Civ. 4892 (NRB), 2021 WL 4137528 (S.D.N.Y. Sept. 10, 2021) ................................ 7, 9

*Santos v. Medina*,
   No. 18 Civ. 02685, 2019 WL 1099806 (S.D.N.Y. Mar. 8, 2019) ......................................... 9

*Strategem Dev. Corp. v. Herron Int'l N.V.*,
   153 F.R.D. 535 (S.D.N.Y. 1994) ................................................................................. 3, 5, 6

*Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*,
   31 F. App'x 738 (2d Cir. 2002) ............................................................................................ 6

I.      **INTRODUCTION**

Publicly available information shows, contrary to Defendants' arguments, that this action does in fact arise from business transacted in New York. Based on this public information, Plaintiff Palo Alto Networks, Inc. ("PAN") set forth allegations in its First Amended Complaint ("FAC") sufficient to demonstrate a *prima facie* showing of personal jurisdiction over Defendants. *See* Dkt. 21 ¶¶ 3–9. Specifically, PAN alleged (i) specific and general jurisdiction over Defendant Taasera Licensing LLC ("Taasera") in light of its substantial contacts to New York (*see id.* ¶¶ 6–7), (ii) general jurisdiction over Taasera due to its status as an alter ego of Defendant Quest Patent Research Corporation ("Quest" and, together with Taasera, "Defendants"), and (iii) subject matter jurisdiction over Quest based on its control of Taasera's monetization activities.[1] *See id.* ¶¶ 3–4, 6–9. These well-pleaded allegations make a showing of personal jurisdiction over Taasera and subject matter jurisdiction over Quest that is sufficient to move this case beyond the motion-to-dismiss stage. *See* Dkt. 68, at 7–19 (discussing personal jurisdiction over Taasera); Dkt. 69, at 5–11 (discussing subject matter jurisdiction over Quest). Defendants dispute this Court's jurisdiction over them. *See generally* Dkt. 51, 57. As discussed in PAN's oppositions to Defendants' motions to dismiss, Defendants' arguments are unavailing. *See generally* Dkt. 68, 69.

Defendants' contrary arguments, purportedly relying on information not publicly available, show precisely why jurisdictional discovery is appropriate and should be permitted. Moreover, even if, as Defendants argue, PAN had not made a *prima facie* showing of jurisdiction over Defendants, PAN has certainly made the "sufficient start" required by this District to warrant jurisdictional discovery. Indeed, the FAC's factually supported allegations at minimum show

---

[1] Quest has not challenged this Court's personal jurisdiction as to it, *see generally* Dkt. 51, and, instead, Defendants concede that Quest is the "New York-based parent company" of Taasera, *see* Dkt. 67, at 1–2. There is thus no dispute that this Court has personal jurisdiction over Quest.

Taasera's contacts with New York, that this litigation arises from those contacts, and that Taasera is dominated by Quest, a New York corporation that is Taasera's alter ego.

In response, Defendants ignore the law and the facts. As to the law, Defendants ignore that under New York law, jurisdictional discovery is permitted upon a plaintiff's making a "sufficient start" toward establishing jurisdiction. In fact, Defendants do not discuss *any* of PAN's cases. Defendants also ignore the correct test for alter-ego status under New York law when jurisdiction is at issue and attempt to define this dispute only as one that could have arisen from Taasera's Texas litigation, which argument is contrary to the facts and unsupported.

As to the facts, Defendants do not seriously attempt to dispute that PAN has made a sufficient start to establishing jurisdiction, instead either ignoring the facts that harm their position or giving them short shrift. Defendants even argue the import of certain facts bearing on jurisdiction and put forth purportedly contradictory evidence in their attempt to defeat PAN's motion. For example, Defendants state "Taasera has no relevant connections to New York." *See* Dkt. 67, at 2. This is a remarkable claim given Defendants' admissions that: (i) Taasera is managed by Jon Scahill, a New York–barred attorney who manages Taasera from New York and serves as CEO of New York–based Quest, which, in turn, is the sole corporate manager of Taasera and wholly owns it; (ii) the very patents at issue in this litigation were purchased from New York–based Daedalus Blue ("Daedalus"); and (iii) the ownership and management of Quest and Taasera overlap significantly, *see id*. Coupled with Defendants' decision to ignore PAN's allegations showing that Daedalus of New York is owed portions of the proceeds derived from enforcement of the patents-in-suit on a going-forward basis, and the allegations as to Quest's complete control over Taasera, it is clear Defendants aim to make jurisdiction a factual issue. As another example, Defendants vaguely claim, without providing any support, that Taasera has "an office in Plano,

Texas," despite tellingly providing no address for this purported office. A search of public information similarly fails to reveal any office located in Plano, Texas. Ex. A (Google Search "Taasera and Plano"). In any event, the law is clear that disputes about jurisdictional fact warrant jurisdictional discovery, and, critically, ***the jurisdictional discovery PAN requests would uncover evidence that Defendants suggest is absent***.

In short, while PAN believes it has already made a *prima facie* showing of jurisdiction sufficient to move forward, PAN has certainly met this District's threshold for jurisdictional discovery. Defendants' opposition cites no authority that warrants a different result, and instead only demonstrates that jurisdictional discovery is appropriate here. For those reasons and those that follow, PAN's motion should be granted.

## II.    ARGUMENT

### A.    PAN Has, at Minimum, Made a "Sufficient Start" Toward Establishing Jurisdiction.

As described in PAN's motion for jurisdictional discovery and in its opposition to Defendants' respective motions to dismiss, the FAC sets forth a *prima facie* showing of personal jurisdiction as to Taasera. *See* Dkt. 60, at 1–3, 7–10; Dkt. 68, at 7–19; Dkt. 69, at 8–11. The FAC also sets forth a *prima facie* showing of subject matter jurisdiction over Quest. *See* Dkt. 69, at 5–11. But to the extent this Court determines that PAN has not made such showings, jurisdictional discovery should be ordered to resolve any issues as to jurisdiction, as PAN has "made a sufficient start toward establishing jurisdiction." *Strategem Dev. Corp. v. Herron Int'l N.V.*, 153 F.R.D. 535, 547–48 (S.D.N.Y. 1994) (ordering jurisdictional discovery where such discovery "may elucidate the degree of control" a parent corporation exercised over its wholly–owned subsidiary for purposes of assessing personal jurisdiction); *Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *6 (S.D.N.Y. Mar. 9, 2006) ("Assuming arguendo that these allegations do

not constitute a prima facie showing of subject-matter jurisdiction, they at least constitute a 'sufficient start' at making such a showing.") (citation omitted).

Specifically, PAN alleged that this Court has specific personal jurisdiction over Taasera by virtue of its substantial contacts with this District related to the patents-in-suit, including:

- Taasera's Texas Certificate of Formation states that it is a manager-managed limited liability company, and identifies a single manager – Quest – at 411 Theodore Fremd Avenue, Rye, New York, Dkt. 21-11, at 2;

- Jon Scahill is the chief executive officer of Quest, and Quest wholly owns Taasera *id.* at 3; Dkt. 21 ¶ 4;

- the patent-assignment documents on file with the United States Patent Office for five of the patents-in-suit list Quest and Jon Scahill as contacts for correspondence related to those patents, and list Quest and Jon Scahill's address as 411 Theodore Fremd Avenue, Rye, New York, Dkt. 21–13, at 3;

- Quest promotes Taasera's patent portfolio and patent enforcement activities, including its enforcement action against PAN, on its New York-based website, prominently featuring its presence in New York and listing its Rye, New York address, Dkt. 21–14, at 1–8; and

- Taasera purchased five of the patents-in-suit from Daedalus, located in Bronxville, New York, and has an ongoing contractual relationship with Daedalus under which Taasera owes Daedalus a portion of any proceeds Taasera earns from enforcing the five patents, Dkt. 21 ¶ 7; Dkt. 21–12, at 9.

Further, Jon Scahill, in addition to serving as CEO of New York-based Quest (which wholly owns Taasera and is the sole manager listed on Taasera's Certificate of Formation), ***manages Taasera from New York***, as Defendants admit, Dkt. 58 ¶ 3, and is an attorney registered with the New York Bar whose business address is the same as the Rye, New York address of Defendants' attorney, the Fabricant law firm. *See* Dkt. 60, at 4; Dkt. 60–1, 60–2, 60–3.

PAN also alleged that this Court has personal jurisdiction over Taasera, and subject matter jurisdiction over Quest, because Taasera and Quest are alter egos of each other:

- Quest is the sole parent of Taasera and completely controls its operations, Dkt. 21 ¶ 9;

- Taasera is purposefully undercapitalized in order to avoid payment of any adverse

4

>    judgment or monetary sanctions against Quest or Taasera, *id.*;
>
> - Quest provided Taasera with a "capital advance" to acquire the patents-in-suit, *id.*; and
>
> - Quest is responsible for and performs marketing for Taasera on Quest's website, which promotes its presence in New York, including related to Taasera's patent portfolio, the patents-in-suit, and its patent enforcement campaign against PAN and others, *id.*

As discussed in PAN's opening brief (*see* Dkt. 60, at 5–10), under Second Circuit law, these allegations are a sufficient start to establishing personal jurisdiction over Taasera and subject matter jurisdiction over Quest, and therefore jurisdictional discovery is appropriate as necessary to establish that Defendants are properly before this Court. *See Strategem Dev. Corp.*, 153 F.R.D. at 547–48; *Ayyash*, 2006 WL 587342, at *6; *Daventree Ltd. v. Republic of Azer.*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." (citation omitted)); *Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 507, 518 (S.D.N.Y. 2014) (allowing jurisdictional discovery to determine whether there is general jurisdiction under an alter-ego theory); *MWH Int'l, Inc. v. Inversora Murten S.A.*, No. 11 Civ. 2444 (HB), 2012 WL 3155063, at *5 (S.D.N.Y. Aug. 3, 2012) (holding that, even "'if [a] plaintiff has not pleaded a prima facie showing of personal jurisdiction, a court may order limited discovery targeted at the missing jurisdictional elements, if plaintiff has shown that such an exercise would serve to *fill any holes* in its showing.'" (alteration and italics in original) (citation omitted)); *In re Hoosick Falls PFOA Cases*, 431 F. Supp. 3d 69, 79-81 (N.D.N.Y. 2020) ("sufficient start" made by establishing overlapping ownership and control).

### B.  Defendants Ignore Controlling Law

Confronted with this Second Circuit authority, Defendants decide it is best to completely ignore it. Indeed, in their opposition, *Defendants do not discuss or even mention a single case cited*

*by PAN* in support of its motion for jurisdictional discovery (save for a "quoting" parenthetical when citing PAN's brief). *See generally* Dkt. 67; *id.* at 2.

Instead, Defendants misleadingly cite *Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998), to support Defendants' misstatement of the law that "[a] plaintiff who is unable to state a *prima facie* case for personal jurisdiction is not entitled to jurisdictional discovery." *See* Dkt. 60, at 1. The cases cited by PAN, and completely unaddressed by Defendants, demonstrate that even in the absence of a *prima facie* showing of jurisdiction, jurisdictional discovery is appropriate if a sufficient start toward establishing jurisdiction has been made. *See, e.g.*, *Strategem Dev. Corp.*, 153 F.R.D. at 547-48; *Ayyash*, 2006 WL 587342, at *6; *see also supra* p. 5 (discussing "sufficient start" caselaw). In fact, contrary to Defendants' argument suggesting that a *prima facie* showing is required to justify jurisdictional discovery, Second Circuit courts describe the threshold for justifying jurisdictional discovery as a "light burden." *In re Hoosick*, 431 F. Supp. 3d at 81.

And, the Second Circuit itself has distinguished *Jazini* for reasons that similarly distinguish it here. In *Texas International Magnetics, Inc. v. BASF Aktiengesellschaft*, the Second Circuit noted that the *Jazini* court's denial of jurisdictional discovery in that case was based on the "sparse" and "conclusory non-fact-specific jurisdictional allegations." 31 F. App'x 738, 739 (2d Cir. 2002) (internal quotation marks omitted) (quoting *Jazini*, 148 F.3d at 183–85). But in *Texas International*, as here, *Jazini* was "readily distinguishable" because the "plaintiffs' jurisdictional allegations are neither sparce nor insufficiently specific." *Id.* Indeed, the Second Circuit noted that the plaintiffs' allegations were "insufficiently developed at this time to permit judgment," but that did not mean that jurisdictional discovery was unwarranted. *Id.* Here, PAN's jurisdictional allegations are far from "sparse" or "non fact-specific"; PAN not only includes sufficient factual details to render its allegations well-pleaded, but also supports those allegations with documents

6

that, at minimum, set forth the sufficient start necessary to permit jurisdictional discovery. *See, e.g.*, Dkt. 21 ¶¶ 3–9; Dkt. 21–1 through –14. Accordingly, not only does *Jazini* not stand for the broad rule for which Defendants cite it but it is also distinguishable from this matter.

Defendants also rely on the wrong standard for assessing alter-ego status under New York law. As PAN discusses in depth in its opposition briefing to Defendants' respective motions to dismiss, when analyzing alter-ego status for jurisdictional purposes, the only question is whether a controlled party is merely a shell for the controlling party—that is, the requirement to show a fraud or injustice for **alter-ego liability is not a requirement** when assessing alter-ego status **for jurisdictional purposes**. *See* Dkt. 69, at 6–7; *Miramax Film Corp. v. Abraham*, No. 01 Civ. 5202 (GBD), 2003 WL 22832384, at *6–7 (S.D.N.Y. Nov. 25, 2003); *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp.2d 456, 459 (S.D.N.Y. 2007). To be sure, when an alter-ego theory is used to establish jurisdiction, the standard is "relaxed" and "less stringent," and "the question is only whether the allegedly controlled entity 'was a shell' for the allegedly controlling party; it is not necessary to show also 'that the shell was used to commit a fraud.'" *Int'l Equity Invs.*, 475 F. Supp.2d at 459 (citation omitted); *see also Miramax Film Corp.*, 2003 WL 22832384, at *6–7. Courts use the ten non-exhaustive factors set out in *Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC*, 20 Civ. 4892 (NRB), 2021 WL 4137528, at *4 (S.D.N.Y. Sep. 10, 2021) to determine whether one party is a mere shell of another for purposes of this jurisdictional alter-ego analysis. *See* Dkt. 69, at 7. As discussed below, PAN has sufficiently pleaded alter-ego status such that personal jurisdiction should be imputed to Taasera and subject matter jurisdiction over Taasera should be imputed to Quest.

In sum, rather than squarely address the case law governing PAN's motion for jurisdictional discovery, Defendants instead ignore the controlling law and attempt to steer this

7

Court in the wrong direction. Defendants' reliance on inapposite law should be rejected in favor of applying the controlling case law cited in PAN's briefing.

        **C.    Defendants Do Not Dispute That PAN Has Made a "Sufficient Start" to Establishing Jurisdiction.**

In addition to ignoring the law, Defendants attempt to sidestep the facts, either ignoring or giving short shrift to most of PAN's allegations that demonstrate personal jurisdiction over Taasera or subject matter jurisdiction over Quest. In all, Defendants do not meaningfully dispute that PAN has either already established, or at minimum, made a "sufficient start" to establishing jurisdiction.

Defendants attempt to minimize the fact of Taasera's substantial contacts with New York, but they do not dispute (nor can they) that Taasera is managed by Quest and Jon Scahill, who are based in New York, and that Taasera purchased the patents-in-suit from a New York corporation. *See* Dkt. 67, at 2. Defendants also do not dispute Jon Scahill's CEO status as to Quest, that Quest wholly owns Taasera, that Taasera is undercapitalized, that Quest provided Taasera with the capital necessary to purchase the patents-in-suit, or that there is significant overlap among the ownership and management of Taasera and Quest. *See id.* at 2–3 & n.1. Furthermore, Defendants simply ignore PAN's allegations that New York–based Daedalus (which assigned Taasera the patents-in-suit) is owed proceeds resulting from the enforcement by Taasera of the patents-in-suit on an ongoing basis. *Compare* Dkt. 21 ¶ 7 (alleging proceeds owed to Daedalus) *with* Dkt. 67, at 1–4.

Put simply, the very facts that Defendants attempt to minimize or ignore set forth a reasonable basis to conclude that Taasera, of its own accord, has substantial contacts with this District and that this dispute arises from those contacts. Indeed, Taasera conducts ongoing activity in New York, is managed by its agents from New York, transacts business in New York on an ongoing basis, and continues to be connected to New York, including due to its payment to Daedalus of proceeds from its enforcement campaign, of which this litigation is a part. This

demonstrates specific personal jurisdiction over Taasera. *See* Dkt. 68, at 8-16; *Santos v. Medina*, 2019 WL 1099806, at *4 (S.D.N.Y. Mar. 8, 2019); *Blockchange Ventures I GP, LLC v. Blockchange, Inc.*, 2021 WL 3115437, at *5 (S.D.N.Y. July 22, 2021).

The facts also show that Quest and Taasera are alter egos such that Quest's admitted personal jurisdiction in this District should be imputed to Taasera, and Taasera's undeniable subject matter jurisdiction should be imputed to Quest. At minimum, PAN has sufficiently alleged several of the *Platina Bulk* factors to show alter-ego status, including inadequate capitalization; overlap in ownership, executives, and personnel; and common office space, address, and phone numbers.[2] *See* Dkt. 68, at 9–11 (discussing satisfaction of *Platina Bulk* factors).

Thus, the facts show a *prima facie* case of jurisdiction as to Defendants, even if Defendants ignore them. Should further support be needed, however, jurisdictional discovery is appropriate.

**D.**    **Defendants' Briefing Demonstrates the Need for Jurisdictional Discovery.**

A review of Defendants' motions to dismiss (Dkt. 51, 57) and Opposition to PAN's Request for Discovery (Dkt. 67) underscores the need for jurisdictional discovery. This District's law (which, again, Defendants ignore) instructs that, where a genuine issue of jurisdictional fact exists, jurisdictional discovery is appropriate. *See, e.g.*, *Daventree Ltd.*, 349 F. Supp. 2d at 761.

Defendants raise arguments in their briefing and motions to dismiss that are contradicted either by the public record or by other information.[3] As mere examples of such genuine issues of

---

[2] While PAN need not show that Defendants abused the corporate form to perpetuate a fraud or other wrongful conduct, *see supra* Section II.B., Defendants' own documents admit that is the purpose of establishing Taasera as a shell, *see* Dkt. 21–12, at 20 (admitting undercapitalization and likely bankruptcy in the event of judgment against Taasera), and PAN has shown that permitting this sham corporate form to go unpierced would constitute a fraud and be unjust. Dkt. 69, at 11.

[3] Defendants generally argue that PAN's "allegations…are…incorrect" or "irrelevant" as well as the import of certain facts, including whether Jon Scahill's position as Quest CEO and manager of wholly-owned Taasera shows Defendants are under common ownership with overlapping management. *See* Dkt. 67, at 1-3. These arguments go to the veracity and credibility of facts— thus, they are factual disputes that warrant discovery.

9

fact, consider the following. Defendants say "Taasera has its principal place of business in Plano, Texas." Dkt. 57, at 5; *see also* Dkt. 67, at 2. But, tellingly, no search shows up an actual address of any purported Taasera office (and Defendants have only ever vaguely referred to "Plano, Texas" rather than providing an address), and what appears to be Taasera's website also strangely declares that "TaaSera has offices in Plano, Texas" without providing any information about where those "offices" are actually located. Further, Taasera's managers (Quest and Jon Scahill) *reside in New York*, and Defendants have never identified an employee that works for it anywhere in Texas (let alone Plano). It is hard to understand how Taasera's principal place of business could be Plano, Texas when all available evidence points to New York.

Defendants claim that "Taasera has never done business in New York." *See* Dkt. 57, at 5; *see also* Dkt. 67, at 1. But Taasera purchased five of the patents-in-suit from Daedalus (located in Bronxville, New York) and has an ongoing contractual relationship with Daedalus requiring Taasera to pay Daedalus proceeds from Taasera's enforcement. *See* Dkt. 21 ¶ 7; Dkt. 21–12, at 9.

Defendants say that "Quest is not involved in any day-to-day management or operations of Taasera." *See* Dkt. 51, at 9. But Quest wholly owns Taasera and is identified as Taasera's corporate manager in Taasera's Certificate of Formation; Quest is identified in USPTO records as the contact for communications about patents-in-suit; Quest's CEO, Jon Scahill, admittedly manages Taasera; and public information shows that there is significant overlap among the ownership and management of Quest and Taasera.

These are just some of the genuine issues of jurisdictional fact raised by Defendants' briefing. To the extent these disputes need to be resolved for this Court to be satisfied as to jurisdiction, jurisdictional discovery is appropriate. *Daventree Ltd.*, 349 F. Supp. 2d at 761.

### III.   CONCLUSION

PAN respectfully requests that its cross-motion for jurisdictional discovery be granted.

Dated: New York, New York
July 21, 2022

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
Kelly C. Hunsaker (pro hac vice)
KHunsaker@winston.com
Michael R. Rueckheim
MRueckheim@winston.com
Matthew R. McCullough (pro hac vice)
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065

Krishnan Padmanabhan
KPadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

TO:  Mark Rosenberg
TARTER KRINSKY & DROGIN LLPV
1350 Broadway, 11th Floor
New York, NY 10018
Tel: (212) 216-8000

*Attorneys for Defendant
Quest Patent Research Corporation*

Vivek V. Krishnan (*pro hac vice*)
Krishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Alfred R. Fabricant
FABRICANT LLP
411 Theodore Fremd Ave., Suite 206
Rye, New York 10580
Tel: (212) 257-5797

*Attorneys for Defendant
Taasera Licensing LLC*

Juan Yaquian (*pro hac vice*)
JYaquian@winston.com
WINSTON & STRAWN LLP
South800 Capital St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

*Attorneys for Plaintiff,
Palo Alto Networks, Inc.*

11