Case 2:22-cv-00314-JRG   Document 78   Filed 07/22/22   Page 1 of 2 PageID #: 1628



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark J. Rosenberg**
Partner
212-216-1127
mrosenberg@tarterkrinsky.com

**Via ECF**                                                                                     July 21, 2022

The Honorable Edgardo Ramos, U.S.D.J.          **MEMO ENDORSED**, page 2
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

    Re:   *Palo Alto Networks, Inc. v. Taasera Licensing LLC and Quest Patent Research Corporation*, No. 1:22-cv-02306-ER
           Motion to Seal Unredacted Version of Reply Memorandum in Support of Motion to Dismiss

Dear Judge Ramos:

    We represent Defendant Quest Patent Research Corporation ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 3.ii., Defendant respectfully requests permission to file under seal an unredacted version of the Reply Memorandum in Support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Failure to State a Claim.

    Plaintiff filed this action on March 22, 2022, asserting declaratory judgment claims for, *inter alia*, non-infringement. (ECF No. 1.) Plaintiff then filed its First Amended Complaint (the "Complaint"), on May 14, 2022. (ECF No. 21). Defendant's reply memorandum in support of its motion to dismiss describes confidential business and agreement information, which will be redacted from the publicly filed versions. Filing an unsealed, unredacted version of the memorandum would disclose the information publicly, violating certain agreement confidentiality provisions.

    In reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020); *see also Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). One factor that weighs against disclosure is privacy interests, such as the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). This Court has sealed judicial documents where such confidential business information would be disclosed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding the "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material

concerning the defendants' marketing strategies, product development, costs and budgeting"); *Living Abroad LLC v. World Trade Resource, Inc. et al.*, No. 7-18-cv-00595 (S.D.N.Y. Jan. 23, 2018), ECF No. 4 (granting motion to seal agreements containing commercially sensitive information).

Here, the memorandum includes confidential business and agreement information, and Defendant wishes to maintain the information as confidential. At the same time, Plaintiff would be prejudiced if it was unable to reference the information in bringing its declaratory judgment claims.

For the above reasons, Defendant respectfully requests that this motion to seal be granted.

Respectfully submitted,

*s/ Mark J. Rosenberg*

Mark J. Rosenberg

cc: All Counsel of Record

---

The defendant Quest Patent Research Corporation's request for permission to file under seal an unredacted version of its reply in support of its motion to dismiss is GRANTED. It is SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: _July 22, 2022_____
New York, New York